No. 36,553

HAROLD N. JOHNSON (Contestor), *Appellant*, v. STEVE RUSSELL (Contestee), *Appellee*.

(166 P. 2d 568)

Opinion

filed March 9, 1946.

*W. C. Jones,* of Olathe, argued the cause for the appellant.

*Douglas Hudson,* of Fort Scott, argued the cause, and *Bernard L. Sheridan, L. Perry Bishop, J. Milton Sullivant* and *Garrett Winkler,* all of Paola, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an election contest case involving the office of county commissioner in Miami county. The contestee prevailed in the contest court. The contestor appealed to the district court. His appeal was dismissed and he appeals to this court.

The case was here on a former appeal by the contestee on the sufficiency of the contestor's statement of intention to contest the election and on other matters not directly pertinent to this appeal. (160 Kan. 91, 159 P. 2d 480. For a general statement of the alleged basis for contest see opinion in that case.)

We shall continue to refer to the parties as contestor and contestee. The proceedings here involved began in the contest court. For present purposes we need pay no attention to some minor skirmishes pertaining to pleadings or other incidental matters. Following the introduction of the contestor's oral testimony the contestee demurred thereto and his demurrer was overruled. The contestee introduced testimony in support of his amended answer. The order and judgment of the contest court discloses this additional record:

"Thereupon both sides having rested, the contestee moved that a recount of the ballots should not be had or ordered for the reason as stated that a preliminary showing had not been made indicating a probability that a recount would show a change in the result. Said motion was argued by respective counsel and was taken under advisement by the contest court and the court was adjourned to meet July 30th, 1945, at 10:00 A. M.

"On this July 30th, 1945, at 10:00 A. M. the contest court pursuant to adjournment comes on with the same appearances as before.

"Thereupon the contest court overruled the motion which had been under advisement made by the contestee and ordered that a recount of the ballots should be had reserving, however, the right in the contest court to reject and ignore the results of any such recount in the light of the past testimony and any future testimony and the appearance of the ballots themselves which might be introduced.

"Thereupon it was moved by the contestee that in view of the fact the court has not found that it is probable that Johnson is elected based upon the evidence introduced, the ballots should not be opened, which said motion was by the contest court overruled. It was then moved by the contestee that the ballots be not counted because not shown by the evidence as in the same condition as to containers as when delivered to the county clerk and because the ballots were stored and maintained in a vault with padlock to which the county welfare stenographer had the sole key. Thereupon the contestor introduced additional testimony relative to the custody of the ballots since their receipt by the county clerk and relative to the condition of the containers as delivered to the county clerk and rested, which said motion was taken under advisement and recess taken until 1:30 P. M.

"On this 30th day of July, 1945, at 1:30 P. M. the contest court meets pursuant to recess with the same appearances as before.

"Thereupon the contest court ordered the ballots and supplies of the Third Ward of Paola be brought to the court room before the court and the same was done by the county clerk. The third envelope bore the notation in heavy lead pencil 'A and War B.' It was agreed by the contestor and his attorney, contestee and his attorneys, that upon this envelope the waxed seal was broken and the entire top of the envelope open and torn. Thereupon the contestee again moved in the light of the condition of said envelope and its appearance of having been mutilated or broken open, together with the other testimony herein, a recount of the ballots in question should not be ordered and that the contest should be dismissed.

"Thereupon the court orders and adjudges that in pursuance to the reservation heretofore made and the right retained to make any further order in this case the former order entered for the opening and recounting of the ballots is revoked and that no recount of the ballots shall be made by this contest court, said order being entered after due consideration of the testimony offered at the hearing, the returns from the election board and the examination of the envelope marked as containing the absentee and war ballots, which said envelope shows signs of having been broken open.

"It is further ordered that the contestor, Harold N. Johnson, shall take nothing herein; that his contest be and is dismissed and that the contestee, Steve Russell, is declared duly elected and shall recover his costs as against the contestor as provided by law."

The contestor appealed to the district court. His counsel immediately advised the court he was uncertain whether under our law the district court should try the case *de novo* or as an appellate

court on the record made in the contest court. He informed the court his research disclosed only one Kansas decision touching the question and referred to certain language in the opinion which he thought indicated the district court would hear the case as an appellate court. He also stated—"Mr. Hudson [counsel for the contestee] says he has a decision that plainly states the district court hears the matter *de novo*. I am not familiar with the decision and I would like to have that matter determined at this time."

Counsel for the contestee admitted he had seen a decision to that effect but stated he did not have the citation. At any rate the record discloses that in order to "let the Court decide" counsel for the contestor moved the appeal be treated as a hearing before an appellate tribunal—"That it be considered just the same as an appeal in the Supreme Court." Counsel for the contestor further stated— "I have subpoenaed my witnesses, if the Court wants to try it *de novo*."

The record brought up from the contest court consisted solely of the pleadings, the appeal papers and the order and judgment of the contest court previously quoted. There was no transcript of any testimony adduced by either party in the contest court. Upon the making of the motion by counsel for contestor, counsel for contestee promptly moved for a dismissal of the appeal. Thereupon the district judge stated he had made some independent research. He called attention to *Free v. Wood,* 137 Kan. 939, 22 P. 2d 978, the case previously referred to by counsel for the contestor. He also read to the attorneys from the opinion in the more recent case of *Woodruff v. Bell,* 143 Kan. 110, 53 P. 2d 498, in which it was squarely decided an appeal in an election contest case should be tried *de novo* in the district court. The district court sustained the motion of the contestor to try the case on the record presented and then sustained the motion of the contestee to dismiss the appeal.

It was reversible error to dismiss the appeal. Moreover, if the decision to try the case on the record certified from the contest court had been correct, the district court would have been required to affirm or reverse the order and judgment of the contest court. Only by ruling on questions presented by the record which was before the district court or by ruling on the contentions of the parties relative to what legal questions were presented by that record could this court have been furnished the basis for a review of any ruling. The appeal having been erroneously dismissed, the case must be

remanded to the district court for further proceedings. Should that court try the case *de novo* or as an appeal on the record presented? In the Woodruff case, *supra,* we ruled that, in the absence of a specific statute, the case should proceed in the district court "as if the case originated there." Without intending to imply there is nothing in any of our decisions which may have created some doubt relative to the proper procedure on appeal, we think the district court should try the case *de novo* as directed in the Woodruff case.

In passing, we also may say no decision is cited, and our research discloses none, in which this court has permitted a district court to try an election contest case on a record certified from a contest court, such as the record in the present case, which did not purport to contain all the pertinent facts which may have prompted a contest court to recount or to refuse to recount the ballots. In the Free case, *supra,* the district court had before it a complete record of the proceedings and the evidence adduced in the contest court and no further evidence was offered in the district court. The same was true in *Campbell v. Ramsey,* 150 Kan. 368, 92 P. 2d 819. This fact was stressed in the later case of *Hansen v. Lindley,* 152 Kan. 63, 66, 102 P. 2d 1058, which was tried *de novo* in the district court.

The contestee contends the contestor has not appealed from the order of the district court to try the case on the record as an appellate court. It seems to us the contention is too technical an interpretation of the notice of appeal. In any event, as already stated, there was no trial in the district court. The appeal to that court was dismissed.

The contestee argues if the district court erred in proceeding as an appellate court, the contestor invited the error and cannot be heard to complain on appeal. (*Galamba v. Steinberger,* 153 Kan. 501, 112 P. 2d 78; *Herl v. Herl,* 154 Kan. 44, 114 P. 2d 817, and cases therein cited.) We adhere to the general rule announced in those cases but, for a number of reasons, believe the rule is not controlling here. It is true counsel for contestor made the motion previously mentioned. Logically, if he thought the case should be tried *de novo,* his motion should have been to that effect. It appears that from his limited research he thought it should be handled as an appellate matter and he made the motion accordingly. This record, however, unmistakably shows he entertained grave doubt concerning the proper procedure. Being in doubt he expressly advised the court

that opposing counsel said he had a decision "that plainly states the district court hears the matter *de novo*. I am not familiar with the decision and I would like to have that matter determined at this time."

Nor, on the record before us, can it fairly be said he led the district court into error when he frankly advised that court of his uncertainty as to the proper procedure and expressly asked the court to determine it. He also stated, "I have subpoenaed my witnesses, if the Court wants to try it *de novo*." It was also his contention that the order and judgment of the contest court presented for review the legal question whether the condition of the envelope in which the ballots were contained rendered the ballots inadmissible as evidence. Furthermore, the record shows the district judge stated he had made some independent research. He referred to both the Free and Woodruff cases, as well as to others not cited by the parties, before he made his own decision. Under such circumstances we are inclined to believe the district judge would be greatly surprised to learn this court concluded he had been led astray by counsel who frankly stated he was in doubt concerning the procedure and asked the court to decide it.

In addition to what has been said it constantly should be remembered by all that an election contest is not merely a proceeding for the settlement of private rights. It is a proceeding in which the people—the public—are primarily concerned. Ours is not a government of rival claimants to an office nor of officeholders. It is a government of the people. Their interest and right is to be represented by those whom they have chosen to be their public servants. That interest and right is something rival claimants to an office cannot barter away. Courts are not, and cannot be, bound even by agreements of rival claimants which defeat, or may defeat, the will of their constituents. In an election contest a court should never approve or consent to any conduct or action of the parties unless it can say with assurance its approval and consent is in the public interest. These salutary principles, in substance, were early asserted in this state. In *Moorhead v. Arnold*, 73 Kan. 132, 84 Pac. 742, it was said:

"The contestor was not induced to give up any rights on account of what the contestee did. Besides this, the public had an interest in the contest which the rival claimants to the office could not barter away. Arnold and Moorhead could not bind the contest court by an arrangement that one of them should be elected by a canvass of unidentified returns, and the court was not obliged to rest under the imputation that its findings were based upon a count of

illegitimate ballots. It had the right to demand the production of further evidence if it saw fit, and to open the proceedings for that purpose. Upon the suggestion to it of suspicious facts it was not only authorized, but was under obligation, to take the steps necessary to ascertain the truth." (p. 145.)

In McCrary on Elections, 4th ed., section 454, the general principle is stated thus:

"A contested election case, whatever the form of the proceedings may be, is in its essence a proceeding in which the people—the constituency—are primarily and principally interested. It is not a suit for the adjudication and settlement of private rights simply. It follows that the parties to the record can not, by stipulation or otherwise, discontinue or compromise a case of this character without the consent and approval of the court or tribunal trying it. Nor should such consent ever be given, unless the Court giving it is sufficiently advised to be able to say that it is for the interest of the public to do so."

In *Horne v. Fish,* 198 Ark. 79, 127 S. W. 2d 623, the contestor took the position he could abandon such phase of the case as he desired. The trial court thought otherwise. In affirming that court it was said:

"The theory of the appellant is that he might abandon any phase of his case at any time before judgment. Let it be conceded that ordinarily such a rule might prevail in the prosecution of private litigation. Whatever may be the law in that regard, where only individual rights are concerned, such a law would be hopelessly unsound in an election contest wherein the public is vitally interested in the officers to be elected." (p. 90.)

Touching the general subject of public interest see also, 29 C. J. S., Elections, § 299; Brightly's Leading Cases on Elections, *Collings's Case,* pp. 503, 513; *Mann v. Cassidy,* 1 Brewster's Reports (Penn.) pp. 11, 45.

Although a party may be bound on appeal by reason of his conduct in the prosecution of private litigation it does not follow that he can bind the public by such conduct in an election contest case and thereby completely nullify the true purpose of the proceeding.

The contestor's motion was ill-advised but, as stated, we are convinced it did not lead the district court into error. No litigation, and certainly no election contest, should be defeated on a mere technicality. It is the concern and duty of courts to make certain, insofar as they are able, that a contested election is decided on its merits, pursuant to proper procedure, to the end that the final judgment shall be responsive to the will of the electorate.

The judgment is reversed and the case is remanded with directions to the district court to try it *de novo.*