No. 39,240

C. G. WHITSON (Contestor), *Appellee* and *Cross-Appellant,* v. ALBERT ROBERTS (Contestee), *Appellant* and *Cross-Appellee.*

(269 P. 2d 1018)

Opinion filed May 8, 1954.

*Frank G. Theis,* of Arkansas City, argued the cause and was on the briefs for the appellant and cross-appellee.

*William E. Cunningham,* of Arkansas City, argued the cause, and *William R. Howard,* of Arkansas City, was with him on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

PRICE, J.: This appeal arises out of an attempt to contest an election for a county office.

In the primary election held in August, 1952, Whitson, the incumbent county commissioner of the third commissioner district in Cowley County, was a candidate on the Republican ticket to succeed himself. He was opposed for the nomination by Magnuson. Roberts was a candidate for the Democratic nomination.

Magnuson defeated Whitson and thus became the Republican nominee. Roberts was nominated on the Democratic ticket. Thereafter Whitson became an independent write-in candidate, and in the general election held in November the result as compiled by the ten election boards in the district was: 704 votes for Roberts, 702 for Whitson, and 656 for Magnuson.

Upon the official canvass by the board of county commissioners, sitting as a board of canvassers (G. S. 1949, 25-701), it was found that Whitson had received two more votes than had been credited to him by the election boards of the district, thus giving him a total of 704 votes, the same number that Roberts had received.

Having determined that a tie vote existed, the commissioners proceeded to determine the winner by lot, under the authority of G. S. 1949, 25-703. Roberts won the "toss" of the coin and was declared the winner. In due course a certificate of election was issued to him, he was sworn into office, and has been serving as county commissioner of the third district since January, 1953.

Within the time provided by G. S. 1949, 25-1415, Whitson initiated this proceeding to contest the election and filed his "contest statement" pursuant to G. S. 1949, 25-1411. It reads as follows:

"C. G. Whitson, an elector and resident of Maple township in the County of Cowley and State of Kansas, files this, his statement, with the County Clerk of Cowley County, Kansas, and states that he was a candidate for the office of County Commissioner, Third District, to the election held in said County on the 4th day of November, 1952.

"That the opposing candidates for said office were Albert Roberts and Reuben Magnuson.

"That as a result of said election, it was declared that a tied vote existed between contestor and Albert Roberts and that each had polled an equal number of votes therein.

"That Albert Roberts, one of the opposing candidates for the same office, was declared elected thereto by lot, by the Board of County Commissioners of Cowley County, Kansas, on the 12th day of November, 1952. The board provided by law for the canvassing of the votes cast at said election.

"That it is the contestor's intention to contest the election of Albert Roberts and to that end contestor states:

(1) That his name is C. G. Whitson and that he is the contestor.

(2) That he is an elector of the County of Cowley, State of Kansas.

(3) That the name of the contestee is Albert Roberts.

(4) That the office contested for is the office of County Commissioner, third district, of said County of Cowley, State of Kansas.

(5) That the said election was held on the 4th day of November, 1952, in said county.

(6) That the particular causes· of contest are as follows:

(a) That errors and mistakes have been made by the boards of judges and canvassers in counting and declaring the result of the election, and that such error and mistake affected the result of the election.

(b) For errors and mistakes of the Board of County Commissioners of Cowley County, Kansas, acting as a board of canvassers of the votes cast at said election, in declaring the result of said election a tie vote and determining the same in favor of the said Albert Roberts, contestee, for the office of County Commissioner, third district of Cowley County, Kansas, at the election so held on the 4th day of November, 1952.

(c) That the board of election judges in Fairview, Harvey, Maple, Ninnescah, Omnia, Richland, Rock Creek, Salem, Silver Creek and Windsor Townships failed and neglected to account for or return to the County Clerk of Cowley County, Kansas, the number of ballots received by them from the said County Clerk, aforesaid, prior to the election, and that the board of election judges, in each of the aforesaid townships, failed to account for or return to the County Clerk of Cowley County, Kansas, the number of blank ballots, sealed up in an envelope as required by law and so marked and endorsed, as clerk, to disclose its contents, and that in said precincts all ballots not used and all ballots spoiled by the voters while attempting to vote, were not returned by the board of judges of election in said townships, to the County Clerk of Cowley County, Kansas, as required by law, the officers from whom all ballots were received.

(d) That the boards of election judges in said county in the following townships, to-wit: Harvey, Ninnescah and Silver Creek failed to count for contestor, votes or ballots which were legally cast for him and which were marked by said boards, void, blank, objected to, or rejected.

(e) That no account whatever has been made of lost, mutilated, destroyed or unused ballots, which would in anywise account for the number of ballots issued and the number turned in.

(f) That void ballots were reported by the following townships in the following numbers: Harvey Township, 5; Ninnescah Township, 12; and Silver Creek Township, 15.

(g) That the following townships report no void ballots: Maple, Omnia, Richland, Rock Creek, Fairview and Windsor.

(h) Said contestor further states that Albert Roberts, contestee, was not legally and lawfully elected or chosen by a majority of the lawful votes cast in said election, to be County Commissioner, Third District of Cowley County, Kansas; nor legally and lawfully entitled to a sufficient number of the lawful votes cast to be declared to have established a tie vote, and that on account of the above mentioned errors,· mistakes and irregularity, a correct count of the

said votes cast for County Commissioner of the Third District in Cowley County, Kansas, on the 4th day of November, 1952, and a correct canvass of said votes, would affect the result of said election of County Commissioner, Third District, Cowley County, Kansas, and that a correct count of the votes cast at the said voting townships and the precincts thereof, so cast, would affect the result of said election for the office of County Commissioner, and that a correct count of the votes cast at said election on November 4, 1952, in Cowley County, Kansas, would, with particular reference to the Third District thereof, and a correct canvass of the votes so cast at said election, would result in the election of C. G. Whitson, contestor, to the office of County Commissioner, Third District, Cowley County, Kansas, at said election so held on the 4th day of November, 1952.

"WHEREFORE, contestor states that this is one of those classes of cases contemplated in Section 25-1411, General Statutes of Kansas, 1949, which entitles him to contest said election."

Roberts, the contestee, attacked this contest statement by a motion to dismiss and for judgment, on the ground that it did not state facts sufficient to constitute a cause of action against contestee and in favor of contestor. This motion was considered by all parties as a general demurrer. Following a number of adverse rulings by the contest court on questions of law, Roberts appealed to the district court. The latter court ruled adversely to his contentions as to the legal sufficiency of the contest statement, and in so doing held:

"The question presented on this appeal is one of law, namely, 'Does the foregoing statement of contest set forth a valid legal cause or causes of contest as provided by G. S. 1949, 25-1411.'

"This court here and now considers this matter de novo, and makes the following conclusions of law:

1.

"That sub-paragraphs ( a ) ( b ) and ( h ) of Paragraph 6 of the contestor's statement of contest constitute a valid and legal cause of contest; that otherwise than in these three sub-paragraphs of paragraph 6 of the statement of contest it fails to state a cause of action.

"The motion of the contestee for judgment and to dismiss was properly overruled by the contest board and is now by this court overruled.

"That it is ordered that this proceeding is remanded back to the contest court, and that the court proceed as provided by law."

From that ruling contestee has appealed to this court.

The contestor, Whitson, has cross-appealed, and alleges error by the district court in permitting contestee to amend his notice of appeal from the contest court to the district court, and in ruling that *only* subparagraphs ( a ), ( b ) and ( h ) of paragraph 6 of the contest statement allege a cause of action under the statute.

We first proceed to a discussion of the principal appeal, but first deem it necessary to set out certain of our applicable statutes.

G. S. 1949, 25-1415, provides in part:

"The contestor shall file in the office of the county clerk, within twenty days after the day when the votes are canvassed, a written statement of his intention to contest the election, setting forth the name of the contestor, and that he is an elector of the county, the name of the contestee, the office contested, the time of the election, and the particular causes of contest; . . ."

G. S. 1949, 25-1411, reads:

"The election of any person declared duly elected to any county office may be contested by any elector of the county—

"*First.* For malconduct, fraud or corruption on the part of the judges of election in any township, or of any of the boards of canvassers, or on the part of any member of either of those boards.

"*Second.* When the contestee was not eligible to the office at the time of the election.

"*Third.* When the contestee has been convicted of an infamous crime before the election, and the judgment has not been reversed, annulled, or set aside, nor the contestee pardoned, at the time of the election.

"*Fourth.* When the contestee has given or offered any elector or any judge, clerk or canvasser of the election any bribe or reward, in money, property or thing of value, for the purpose of procuring his election.

"*Fifth.* When illegal votes have been received or legal votes rejected, at the polls, sufficient to change the result.

"*Sixth.* For any error or mistake in any of the boards of judges or canvassers in counting or declaring the result of the election, if the error or mistake would affect the result.

"*Seventh.* For any other cause (though not enumerated above) which shows that another was the legally elected person."

G. S. 1949, 25-1412, provides:

"The matter contained in the first, fifth and sixth causes of contest shall not be held sufficient to set aside the election unless such causes be found sufficient to change the result."

G. S. 1949, 25-1416, reads:

"When the reception of illegal or the rejection of legal votes is alleged as a cause of contest, the names of the persons who so voted, or whose votes were rejected, with the townships where they voted or offered to vote, shall be set forth in the statement."

Contestee's whole contention is that under the law of this state concerning election contests it is necessary that a contestor state *facts* in his statement of contest sufficient to justify a recount of the questioned ballots; that one seeking to contest is not permitted to make his statement a mere "fishing expedition," and that failure to allege *facts* with specific particularity renders the contest statement subject to demurrer.

In this connection contestee calls our attention to the fact the

statement in question is "modeled" after that appearing in *Lawrence v. Wheeler,* 77 Kan. 209, 93 Pac. 602, which was held to be sufficient, but that later decisions of this court (*Free v. Wood,* 137 Kan. 939, 22 P. 2d 978; *Campbell v. Ramsey,* 150 Kan. 368, 92 P. 2d 819; *Hansen v. Lindley,* 152 Kan. 63, 102 P. 2d 1058; *Johnson v. Russell,* 160 Kan. 91, 159 P. 2d 480, and *Johnson v. Russell,* 161 Kan. 203, 166 P. 2d 568), while not specifically overruling what was said in the Lawrence case, do so by inference and implication, and it is contended these decisions require more particularity in setting out the facts in a contest statement.

As already stated, the court held that subparagraphs (*a*), (*b*) and (*h*) of paragraph 6 of the contest statement, were sufficient to state valid and legal causes of contest, and the correctness of that ruling is the question for decision.

The statutory grounds (G. S. 1949, 25-1411) for contesting an election to a county office have already been set out, *supra.* The contest statement does not allege malconduct, fraud or corruption on the part of the election officials. It does not charge that contestee was ineligible to the office at the time of the election, and neither does it allege that the contestee had been convicted of an infamous crime. Neither does it charge an attempt to bribe, or bribery, on the part of contestee. The first four causes enumerated in the statute may therefore be disregarded.

The fifth ground pertains to the reception of illegal votes or the rejection of legal votes. In subparagraph (*d*) of paragraph 6 of the contest statement, contestor alleges the rejection of votes legally cast for him, but inasmuch as the names of the persons whose votes were rejected, together with the townships where they voted, are not set forth as required by G..S. 1949, 25-1416, *supra,* we may also disregard the fifth ground enumerated in the statute (G. S. 1949, 25-1411).

This brings us to the sixth ground for contest, which, in the interest of clarity, is repeated:

"For any error or mistake in any of the boards of judges or canvassers in counting or declaring the result of the election, if the error or mistake would affect the result."

Reference is again made to G. S. 1949, 25-1412, *supra,* which, among other things, provides that the matter contained in the sixth cause of contest shall not be held sufficient to set aside the election unless such cause be found sufficient to change the result.

Contestee argues that the use of the words "the particular causes of contest," in G. S. 1949, 25-1415, and "matter," in G. S. 1949, 25-1412, clearly indicates the necessity to allege facts with more particularity than was done here.

In our opinion contestee places a strained construction on the words in question. The "particular causes of contest" obviously refer to the seven statutory grounds set out in G. S. 1949, 25-1411. The word "matter," in G. S. 1949, 25-1412, may well be considered as synonymous with "proof of facts"—that is, as applied to the sixth provision of G. S. 1949, 25-1411, proof of errors or mistakes on the part of election officials is insufficient to set aside an election *unless* such errors or mistakes be found sufficient to change the result. In other words, we understand G. S. 1949, 25-1412, to be in the nature of a "direction" to a contest court on a matter of substantive law, and not a rule of pleading.

Subparagraph ( *a* ) of paragraph 6 of the contest statement alleges that errors and mistakes were made by the election officials in counting and declaring the result of the election, and that such errors and mistakes affected the result of the election.

We think such statement is sufficient to allege a ground for contest under the sixth provision of G. S. 1949, 25-1411.

Subparagraph ( *b* ) of paragraph 6 of the contest statement alleges errors and mistakes of the board of canvassers in declaring the result of the election to be a tie vote, and in determining the same in favor of contestee.

Bearing in mind that contestor objected to the action of the board of canvassers with respect to this matter, it is clear that inherent in such subparagraph ( *b* ) is the allegation that had it not been for such errors and mistakes on the part of the board of canvassers the result of the election would have been different. The statement therefore is sufficient to allege a ground for contest under the sixth provision of G. S. 1949, 25-1411.

Subparagraph ( *h* ) of paragraph 6, which is in the nature of a "catch-all" statement, and which also was held by the lower court to be legally sufficient, alleges that contestee was not legally and lawfully elected or chosen by a majority of the lawful votes cast in the election; that he was not legally and lawfully entitled to a sufficient number of the lawful votes cast to be entitled to a tie vote, and that on account of aforementioned errors, mistakes and irregularities a correct count of the votes and a correct canvass of the

votes would affect the result of the election in that they would have established the election of contestor.

In our opinion subparagraph $(h)$ is sufficient to allege a ground for contest under the sixth provision of G. S. 1949, 25-1411.

In reaching the conclusion that we have we feel constrained to say that we believe contestee's strict analysis of language found in several of the decisions cited is not justified in the light of the facts present in each. It must be remembered that it is very difficult, and often impossible, to lay down a hard and fast rule or formula governing a matter such as we have here. The lower court did not err in holding that subparagraphs $(a)$, $(b)$ and $(h)$, of paragraph 6, allege valid and legal causes for contest under the statute.

We turn now to contestor's cross-appeal, in which it is alleged the court erred in permitting contestee to amend his notice of appeal from the contest court to the district court, and in ruling that *only* the three subparagraphs of paragraph 6, above-mentioned, allege a cause of action under the statute.

With reference to the first point, it is sufficient to say that there is an utter lack of any showing of prejudice to contestor because of the allowance of the amendment. This is particularly true in view of the court's statement as to the only issue in controversy. It was within the court's discretion to permit the amendment, and, no prejudice being shown, contestor's contentions in this respect cannot be sustained.

As to the second point of the cross-appeal, we have no doubt but that the holding of the court, quoted *supra,* means that only subparagraphs $(c)$, $(d)$, $(e)$, $(f)$ and $(g)$ of paragraph 6 were found to be insufficient, and that the court did not rule that all other portions of the statement, which are in the nature of formal jurisdictional matters, were not sufficient.

In this connection it may be conceded, solely for the sake of argument, that the matters complained of in the subparagraphs of paragraph 6 which were held to be legally insufficient, might constitute "errors and mistakes," but the fact remains that such matters are not grounds for contest under the statute, and we therefore are unable to say the court erred in its ruling.

Various other contentions made by the parties, including the one with respect to the application and validity of G. S. 1949, 25-703, pertaining to the determination of a winner by lot when a tie vote exists, have been examined and considered, but require no discus-

sion. The fact remains that here it has not been determined by a contest court that a tie vote exists. The question has never been tried. The fact that G. S. 1949, 25-703, was invoked does not preclude a contest, when properly instituted.

From what has been said it follows that the judgment of the district court, as to both the appeal and the cross-appeal, is affirmed.