No. 39,648

C. G. WHITSON (Contestor), *Appellee,* v. ALBERT ROBERTS (Contestee), *Appellant.*

(276 P. 2d 324)

 Opinion
filed November 13, 1954. 

Frank G. Theis, of Arkansas City, argued the cause and was on the briefs for the appellant.

William E. Cunningham, of Arkansas City, argued the cause and William R. Howard, of Arkansas City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an election contest. It has been here before. (See Whitson v. Roberts, 176 Kan. 232, 269 P. 2d 1018.) This appeal is from an order of the district court remanding the contest to the contest court, pursuant to the order thereinbefore issued by the district court following the former appeal.

The election was between Whitson, running as an Independent candidate, Magnuson, the Republican, and Roberts, the Democrat candidate. The result appeared to be a tie between Whitson and Roberts. The winner was determined by lot and Roberts won. Whitson started a contest.

The record here speaks of an original statement of contest, an amended statement, and a second amended statement. After a number of adverse rulings as to his original statement, Roberts appealed to the district court. That court examined the original statement and held that certain paragraphs of it, that is, subparagraphs (a), (b) and (h) of paragraph 6, stated a good cause of contest and that certain other subparagraphs did not.

That judgment was appealed by both parties and we affirmed as to the appeal and cross-appeal. (See Whitson v. Roberts, supra.) When the case reached the trial court, Roberts filed a motion to strike the second amended statement, also a demurrer to it on the ground that it did not state any cause for contest. These were both overruled.

Subsequently the trial court made an order pointing out our action in the former appeal, affirming the trial court's judgment that the original statement stated a good cause for contest, and remanding the cause to the contest court, with directions to proceed as provided by law to count the ballots cast at the election, pursuant to the order theretofore issued by the court. This appeal is from the order overruling contestee's motion to strike and demurrer directed at the second amended statement and the order remanding the cause to the contest court.

The specifications of error are that the trial court erred in summarily and arbitrarily ruling on contestee's motion to strike and his demurrer to contestor's second amended statement and in overruling them and remanding the cause.

He states the first question to be: "Does the Second Amended Statement of Contest in Paragraphs 6(a) and (b) and (h) state a cause of action under the fifth or sixth statutory cause of election contest?"

This question is academic at this time. We, as has been pointed out already in this opinion, held when the cause was here before that the original statement did state a good cause. The contestee in a motion for rehearing and clarification directed at our former opinion made the same argument he makes on this appeal. That motion was denied. We see no reason for reaching any different conclusion now. We find it unnecessary to elaborate on what was said by us in our former opinion.

The contestee states the next question to be: "Aside from the requirements of G. S. 1949, 25-1416, do paragraphs 6 (a) (3) through (5) or any of them of Contestor's Second Amended Statement of Contest state a legal cause of action?"

That question is not before us on this record. Should we hold with contestee the trial court and contest court would find itself in the position of having a statement which we had held to be good and a subsequent one based on the same facts which we had held bad.

Such cannot be. The trial court has remanded the cause to the contest court, with directions to hear it. That court should proceed in accordance with that order.

The judgment of the trial court is affirmed.