THE STATE OF KANSAS V. OWEN NUGENT.

INTOXICATING LIQUOR — *Illegal Sales* — *Evidence Sustains Verdict of Guilty.* Where a defendant is charged with selling intoxicating liquors in violation of the law in a "certain building in the alley" between streets definitely named, and the evidence of the witnesses tended to show that the building where the intoxicating liquors were sold was on the corner of a lot adjoining the alley named, and also that it stood in the alley, and the other allegations of the information were fully supported, *held*, that the evidence justified a verdict of guilty, and that there was not sufficient variance in the proof from the allegations concerning the place where the liquors were sold as to mislead the defendant, or to prejudice his legal rights so as to demand a new trial.

*Appeal from Wyandotte District Court.*

THE opinion states the facts.

*Hale & Fife,* for appellant.

*John T. Little,* attorney general, and *A. H. Cobb,* county attorney, for The State; *W. G. Holt,* of counsel.

The opinion of the court was delivered by

HORTON, C. J.: Owen Nugent was convicted of having unlawfully sold intoxicating liquors in a certain building situated in the alley between Fifth and Sixth streets, and Minnesota and Armstrong avenues, in the city of Kansas City, in the county of Wyandotte, in this state. He was sentenced to pay a fine of $100, and to be committed to the county jail for 30 days, and also to be confined until the fine and costs were paid. He appeals.

It is contended that there was no evidence introduced upon the trial showing that Nugent sold intoxicating liquors in a "building situated in the alley." We have carefully read all of the evidence. One of the witnesses testified that the place of business of Nugent was on the "corner of the alley; some say it stands in the alley." This witness further testified that the place of business "was right in the two alleys." There

was sufficient evidence before the jury to sustain the allegations of the information as to the building or place where the intoxicating liquors were sold. At least, there was not such a variance in the proof from the allegations of the information as to mislead the defendant, Nugent, or prejudice him in any way in his legal rights.

Several instructions were requested upon the part of the defendant which were refused. Of the refusal, complaint is made. The instructions refused are not embodied in any bill of exceptions. They are not a part of the record in this case, and therefore cannot be examined or considered. (*The State v. McClintock,* 37 Kas. 40–43; *The State v. Smith,* 38 id. 194.)

The judgment of the district court will be affirmed.

All the Justices concurring.