THE CITY OF TOPEKA v. FRANK RAYNOR.

No. 638.

1. INTOXICATING LIQUORS — *Valid City Ordinance.*  Section 1 of
ordinance No. 1909 of the city of Topeka is constitutional and
valid.

2. ——— *Powers of City — Common Nuisance.*  A city of the
first class is acting within the constitution and laws in declaring
by ordinance that a place where intoxicating liquors are sold,
bartered or given away, or where persons are permitted to resort
for the purpose of drinking intoxicating liquors as a beverage, or
where intoxicating liquors are kept for sale, barter, or delivery, is
a common nuisance.

3. ——— *Complaint—Sufficient Description of Liquor.* In the absence of a motion by the defendant that the city be required to make its complaint more definite and certain, a complaint which states that the defendant "did then and there unlawfully and wrongfully keep and maintain a place where whisky, lager beer and other intoxicating liquors were kept for sale," is sufficiently definite and certain in describing the kind of liquor.

4. ——— *Proceedings on Appeal—Original Complaint and Warrant.* In a case instituted originally in a police court and appealed to the district court, it is not necessary that any formal certificate be attached to the complaint showing it to be the original, if it is apparent from an examination of the record that it is the original complaint.

5. ——— *Instructions Examined.* The alleged erroneous instructions examined, and *held*, that the trial court committed no reversible error in instructing the jury.

Appeal from Shawnee district court; Z. T. Hazen, judge. Opinion filed December 15, 1898. Affirmed.

*W. A. S. Bird*, for appellee.

*J. S. Ensminger*, for appellant.

The opinion of the court was delivered by

McElroy, J.: On October 14, 1897, there was filed with the police judge of the city of Topeka a complaint charging "that the defendant, Frank Raynor, in a certain one-story frame building at house No. 420, on West Curtis street, in the city of Topeka, Shawnee county, Kansas, on the 14th day of October, 1897, did then and there wrongfully and unlawfully keep and maintain a place where whisky, lager beer and other intoxicating liquors were kept for sale, barter, and delivery, and permitted persons to resort to such place for the purpose of drinking intoxicating liquors as a beverage, without first taking out and having a permit therefor, in violation of ordinance No. 1909 of the city of Topeka." Thereupon a warrant was issued and

the defendant arrested and brought into court. A trial was had in the police court and the defendant found guilty. He appealed to the district court.

When the case was called for trial in the district court the defendant moved to quash the complaint. This motion was overruled, to which ruling the defendant excepted. A trial was had before the court and a jury, and the defendant was found guilty. A motion in arrest of judgment and for a new trial was filed and overruled. The court passed sentence on the defendant that he pay a fine of $150 and the costs of the proceedings, and that he be imprisoned in the city prison of the city of Topeka for thirty days. He presents the record to this court for review, and alleges error in the proceedings of the trial court, first, in overruling his motion to quash the complaint. Under this assignment of error, the complaint is made that the ordinance under which the defendant was prosecuted and convicted is unconstitutional, for the reason that the title is not broad enough to cover section 3 of the ordinance in question. The defendant was prosecuted under section 1 of the ordinance. The title and section 1 read :

"AN ORDINANCE defining and relating to common nuisances, and providing for the abatement of the same.

"SECTION 1. All places in the city of Topeka where intoxicating liquors are sold, bartered or given away in violation of any of the provisions of this ordinance, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery in violation of this ordinance, are hereby declared to be common nuisances, and upon the judgment of the police judge finding such places to be a nuisance under this ordinance the chief of police of the city of Topeka shall be directed to shut up and

abate such places, by taking possession thereof and by taking possession of all such intoxicating liquors, together with all signs, screens, bars, bottles, glasses and other property used in keeping and maintaining such nuisance, and such personal property so taken possession of shall be forthwith publicly destroyed by such officer, and the owner or keeper thereof shall upon conviction be adjudged guilty of maintaining a common nuisance, and shall be punished by a fine of not less than $100, nor more than $500, and by imprisonment in the city jail not less than thirty days nor more than ninety days.''

This is the section under which the defendant was charged and convicted. The defendant was not prosecuted under section 3 of the ordinance. The title of the ordinance may, or may not, be sufficiently broad to include the provisions of section 3. We will not examine that question until it is properly presented for the consideration of the court.

The contention is next made that section 2 of the ordinance, providing for a search and seizure, is unconstitutional and void for certain reasons. The record fails to show that in this proceeding the defendant's premises were searched, or that any property was seized. The return of the officer simply shows that he executed the warrant by arresting Frank Raynor, whose body the officer returned into court. The validity of section 2 of the ordinance is not brought in question by this proceeding.

It is further contended that that part of section 1 of the ordinance which provides that ''All places where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage are common nuisances,'' is in violation of sections 1 and 15 of the bill of rights. The complaint appears to have been verified by the oath of complainant. This was sufficient to authorize the issuance of a warrant. The

city of Topeka is a city of the first class, and cities of the first class are authorized and empowered by statute to pass ordinances to suppress common nuisances. The provisions of our statute on this subject are as follows :

"The mayor and council shall have the care, management and control of the city and its property and finances, and shall have power to enact ordinances for the purposes hereinafter named, not repugnant to the constitution and laws of this state, and such ordinances to alter, modify and repeal ; and shall have power— . . .

"*Eleventh.* To make regulations to secure the general health of the city ; to prevent and remove nuisances . . ."

"*Twenty-eighth.* To prohibit and suppress tippling shops, saloons, dram-shops, club rooms, to restrain, prohibit and suppress slaughter-houses, houses of prostitution, disreputable houses, games and gambling houses, dance houses, keno rooms, desecration of the Sabbath day, and all kinds of indecency and other disorderly practices, disturbance of the peace, assault and battery, petit larceny, and to provide for the punishment thereof."

"*Thirty-third.* To make all needful police regulations necessary for the preservation, good order and peace of the city, and to prevent injury to or destruction or interference with public or private property." (Gen. Stat. 1897, ch. 32, § 88 ; Gen. Stat. 1889, ¶ 555.)

The fact that the legislature has empowered the state to suppress saloons and tippling shops as nuisances nowise lessens the power of the state to authorize cities to pass ordinances for the same purpose. A city may pass an ordinance making the same transaction an offense that is a crime under the statute. (*Rice v. The State of Kansas*, 3 Kan. 141 ; *City of Burlington v. Stockwell*, 5 Kan. App. 569, 47 Pac. 988 ; *Monroe v. City of Lawrence*, 44 Kan. 607, 24 Pac. 1113.)   In

*In re Thomas, Petitioner*, 53 Kan. 659, 37 Pac. 171, the court said : "The fact that the state by its legislature has made provision prohibiting and restricting the liquor traffic does not prevent municipalities from enacting provisions for the control of the traffic within the limits of the same." It is apparent to us that a city of the first class in this state is acting within the constitution and laws in the passage of an ordinance declaring the place where intoxicating liquors are sold, bartered, or given away, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter, or delivery, a common nuisance.

It is next contended that the complaint does not specifically state what kind of intoxicating liquors were sold or drunk as a beverage. The complaint reads : "Did then and there wrongfully and unlawfully keep and maintain a place where whisky, lager beer and other intoxicating liquors were kept for sale." The evidence shows that both whisky and beer were kept for sale and sold for drinking as a beverage on defendant's premises. There was no motion by defendant that the city be required to make its complaint more definite and certain in this regard. We think that, in the absence of any attack made on the complaint, it was sufficiently definite and certain in describing the kinds of liquor.

Complaint is further made that the defendant was forced to trial on a complaint and warrant that were not certified to as the original complaint and warrant. No such objection was made in the trial court. The record shows that the defendant objected "because the complaint and warrant were not certified prior to the first day of this term." To support this contention,

we are referred to *The State v. Anderson*, 17 Kan. 89. That was an appeal from a conviction in justice's court, the justice, instead of certifying the original complaint, sending to the district court a certified copy. When the case was called for trial the defendant objected to a trial on such copy. The supreme court held that the trial court erred in requiring the defendant to go to trial on such certified copy. In the case at bar, it appears beyond any question that the complaint and warrant on which the defendant was tried were the original ones. The record shows that "on the 18th day of October, 1897, there was filed in the office of the clerk of the district court a complaint and warrant and the transcript from the police judge." The caption of the complaint reads : "'Before the police judge of the city of Topeka," and concludes : " Subscribed and sworn to before me, this 14th day of October, 1897. —WM. E. ATCHISON, *Police Judge.*" The warrant contains the same evidence of being the original. We think it affirmatively appears from the record that the defendant was tried on the original complaint and warrant. It is not necessary that any certificate should appear on the complaint. The complaint and warrant may have been properly certified as being the originals, for anything that appears in the record. The record does not purport to contain all of the proceedings had by and before the police judge.

The second assignment of error is that the court erred in instructing the jury that " any person who keeps or maintains or aids or assists in keeping and maintaining such a place shall upon conviction therefor be punished by a fine in the sum of not less than $100 nor more than $500, or by imprisonment in the city jail not less than thirty days nor more than six months." The particular complaint urged against

this instruction is that the court used the disjunctive conjunction " or " instead of the copulative conjunction " and." The court was not required to inform the jury as to what punishment could be meted out to the defendant in case he should be found guilty, and a misdirection in this regard cannot affect the substantial rights of the defendant. Under the evidence disclosed by the record, there was but one verdict which could be returned by the jury. The jury could not have been misled by this instruction. If it was error, it was immaterial error.

There are other formal assignments of error, but they are not argued. It follows from what we have said that the court properly overruled the defendant's motion for a new trial and in arrest of judgment. There was no substantial error committed at the trial on which to predicate a motion for a new trial. The judgment must be affirmed.