No. 24,976.

THE STATE OF KANSAS, *Appellee*, v. PAUL SANSEWICH, *Defendant* (K. WIENCHA, *Appellant*).

SYLLABUS BY THE COURT.

1. ARSON—*Burning of Insured Property—Sufficient Information.* An information drawn under the arson statute, relating to burning of insured property (Gen. Stat. 1915, § 3425), considered, and held sufficient as against a motion to quash on the grounds there was no charge the burned property was insured, no charge in terms the property was insured against fire, no charge of intent to defraud, and no charge anything done was unlawful.

2. SAME—*Insurance Agent's Records Competent Evidence.* The insurance agent's records of the policies delivered to defendants, containing the most material features of the policies, were properly received in evidence.

3. SAME—*Omission to Prove Corporate Character of Insurers Not Fatal.* The information charged the policies were issued by named companies which were corporations. *Held,* it was not fatal to the verdict of guilty that corporate character of the insurers was not proved.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. Mc-
CAMISH, judge. Opinion filed October 6, 1923. Affirmed.

*J. H. Brady,* and *T. F. Railsback,* both of Kansas City, for the appellant.

*C. B. Griffith,* attorney-general, *Justus N. Baird,* county attorney, *Harry Hayward,* and *David E. Henderson,* assistant county attorneys, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The defendants were jointly charged with arson in the third degree. Separate trials were demanded. Both were convicted, and this is Wiencha's appeal.

Beginning with a motion to quash, the information was assailed at all stages of the proceeding. The material portions of the pleading follow:

"On or about the 4th day of June, 1922, one Paul Sansewich and K. Wiencha did unlawfully, willfully and feloniously conspire together and agree, with intent to cheat and defraud The Commonwealth Insurance Company of New York, The Alliance of Philadelphia, The Twin City of Minnesota, and The Minneapolis Fire and Marine, corporations, then and there being insurers of the following described property, the household goods, furniture, hardware, paint and painter's supplies, and the stock of goods, located in a store building at 601 Central avenue, Kansas City, Kansas, the said above described property being then and there the property of them, the said Paul Sansewich and K. Wiencha, to set fire and to burn the same, to cause the above described property to be burned and set fire to, and they, the said Paul Sansewich and K. Wiencha, pursuant to said conspiracy, did set fire to and did burn the said above described property, and they, the said Paul Sansewich and K. Wiencha, did cause the said above described property to be set fire and to be burned, contrary to the statute in such case made and provided."

The statute reads as follows:

"Every person who shall burn . . . any goods, wares, or merchandise, . . . which shall at the time be insured against loss or damage by fire, with intent to defraud or prejudice the insurer, . . . shall be upon conviction adjudged guilty of arson in the third degree." (Gen. Stat. 1915, § 3425.)

It is argued the first part of the information, charging a conspiracy, was surplusage and, ignoring the surplusage, there is no charge the property was insured, no charge the property was insured against fire, no charge of intent to defraud, and no charge that anything done was unlawful. The conspiracy allegation may not be treated as surplusage. The allegation is, the defendants, pursuant to the conspiracy, burned the property. Since the burning was done conformably to the conspiracy, we may look to the elements

of the conspiracy for the facts attending the burning, which facts carry through to the end of the information. Therefore we have a burning done feloniously, with intent to defraud insurers of property which was insured, and every essential of the statute is comprehended.

It is true the information is a poor piece of criminal pleading. The simple, natural order of the statute should have been followed, without lugging in conspiracy. Instead of stating the property was insured, the information states that named corporations were insurers of the property, and there is no direct allegation of insurance against fire. If, however, the corporations named were then and there insurers of the property, the property was insured, and a felonious burning with intent to defraud insurers necessarily implied the insurance was against loss by fire, and not against loss by wind, flood, hail, or tornado. This specific question, raised by a motion to quash, was fully treated in the case of *The State v. Hanks,* 101 Kan. 200, 165 Pac. 865. In the opinion it was said it seems absurd to contend the defendant was not fully informed of the exact nature of the charge against him, and the conflict of authority on the subject of necessity for an allegation in the very words, "against loss or damage by fire," is explained by the different attitudes of courts toward purely technical omissions and defects in criminal procedure which do not affect substantial rights. In this instance, three provisions of the criminal code forbid reversal:

"The indictment or information is sufficient if it appear therefrom—

"*Fifth,* That the offense charged is stated with such a degree of certainty that the court may pronounce judgment upon conviction, according to the right of the case.

"No indictment or information may be quashed or set aside for any of the following defects:

"*Seventh,* For any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.

"On an appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties." (Gen. Stat. 1915, §§ 8023, 8024, 8215.)

Way solicited the defendants to insure their stock of goods against fire, and was invited to return to receive an answer. When he returned he took with him Cable, an insurance agent. The risk was approved for $4,000, and the defendants ordered policies. Cable wrote four policies and delivered them to Way, who delivered them to the defendants, who paid the premiums. A fire occurred in the

defendants' store, plainly of incendiary origin. The fire was extinguished, and it was discovered about $4,000 of a $5,000 stock of goods had been removed. Some of the removed property was found in the possession of the defendants. After the fire, the defendants repeatedly inquired of Cable when the insurance companies would pay their fire loss.

After proving the policies were issued, delivered, and paid for, as stated, the state introduced in evidence the agent's records of the policies, in the familiar form known as daily reports. Each record included the written portion of each policy and all of each policy except printed matter common to policies of the class, and the signature. The defendant says the records were not the best evidence. He had the best evidence in his own possession. No process of the law could compel him to produce the policies, and the state was not obliged to make the idle gesture of demand for production. Besides that, form and content of the policies were not of the substance of the issue. The gravamen of the offense was burning property with intent to defraud the insurer. The oral evidence was sufficient in point of law to establish the fact the property was insured, but the state was entitled to complete the proof by production of the agent's copies of the most material features of the instruments delivered to the defendants as insurance policies.

It is said there was no proof the insurance companies were corporations, and there was none. Whether the companies were corporations or not was not of the slightest concern to the defendant. Certainty regarding the offense was satisfied when a definite insurer was named, and the old rule that surplusage must be strictly proved if inserted in the information, no longer prevails in this state.

The judgment of the district court is affirmed.