No. 41,051

STATE OF KANSAS, *Appellee,* v. H. U. LINTNER, *Appellant.*

(327 P. 2d 848)

Opinion filed July 7, 1958.

*L. F. Cushenbery,* of Oberlin, argued the cause, and *C. A. P. Falconer,* of Atwood, was with him on the briefs for appellant.

*Joseph A. Ruda,* County Attorney of Rawlins County, argued the cause, and *John Anderson, Jr.,* Attorney General, and *Robert E. Hoffman,* Assistant Attorney General, were with him on the briefs for appellee.

The opinion of the court was delivered by.

SCHROEDER, J.: This is an appeal by the defendant in a criminal action from a conviction on a charge of leaving the scene of an accident as defined by G. S. 1949, 8-519 and 8-520.

The information originally filed in the district court of Rawlins County charged the defendant (appellant) with traffic violations in five counts. They were: (I) Making an illegal left turn in violation of G. S. 1949, 8-544; (II) reckless driving as defined by G. S. 1949, 8-531; (III) driving while under the influence of intoxicating liquor as defined by G. S. 1949, 8-530; (IV) leaving the scene of an accident as defined by G. S. 1949, 8-519 and 8-520; and (V) failing to forward a written report of accident to the Vehicle Department as defined by G. S. 1949, 8-523. Prior to arraignment Count I was dismissed. Upon arraignment the defendant pleaded not guilty to the other four counts, but after impaneling the jury and prior to opening statements of counsel, Counts III and V were dismissed. The jury found the defendant not guilty of reckless driving (Count II) but guilty of leaving the scene of an accident (Count IV). Pursuant to proper procedures unnecessary to relate, the defendant filed a motion for a new trial which was overruled, and was sentenced to pay a fine of $90 and costs and to surrender his operator's license, whereupon appeal was taken to this court. The lower court upon application fixed the stay bond pending appeal to this court at $250.

At the trial counsel for the defendant cross examined the sheriff who was the complaining witness and elicited the following facts: That the action was originally filed in the county court of Rawlins County upon the complaint of the sheriff in two counts (II and IV); that the county attorney and the sheriff worked together on the case; that the defendant was approached to plead guilty to the two counts and if he did not other charges would be filed; that the defendant did not plead guilty and other charges (I, III and V) were added by an amended complaint; and that when the defendant appeared in county court at the day set for trial with his witnesses, his attorney, and a court reporter, the county attorney dismissed the action in the county court and re-filed it on information in the district court. Concerning these matters the appellant is in no position to complain in this court for it was at his instance that the jury was informed of these facts.

While the jury was being impaneled in the district court on *voir dire* examination the county attorney asked a juror this question:

"Q. Upon the principal charge in this case, like leaving the scene of an accident, in addition to a fine and/or imprisonment, there is a possibility that

the defendant would lose his license for six months, now, do you think that penalty is too severe for the crime of leaving a scene of an accident?

"A.  No."

A similar question was put to another juror.  The court then interposed this remark to the juror in open court in the presence of all the other jurors:

"The Court:  You understand that the imposition of a penalty is up to the Court?

"A.  Yes.

"The Court:  I am the one that has to impose the penalty.  You folks just find what the facts are, whether something happened or not, and a penalty of taking the license away, except if .he was found guilty of driving while intoxi-cated, would be up to the Court, doesn't necessarily follow that that would happen.  Do you think that you could just go ahead and try the case on the evidence as you hear it, and not bother about what penalty the Judge might impose?

"A.  Yes."

It is contended by the appellant that this remark in the presence of the jurors was an incorrect statement of the law by the trial court, concerning loss of operator's license, and was prejudicial to the defendant.  This statement by the court is specified as error.  While it is true that the second juror, concerning whose examination the court's remarks were prompted, did not sit, all the jurors heard this instruction.  The court did not say that the defendant would not lose his driver's license.  Considering the statement as a whole the jury properly understood that it was the function of the court to pass upon the sentence in a criminal action and not the function of the jury.  A trial court is not required to inform the jury as to what punishment could be meted out to the defendant in a case, should he be found guilty, and it has been held that any misdirection in this regard cannot affect the substantial rights of the defendant.  (*Topeka v. Raynor*, 8 Kan. App. 279, 55 Pac. 509.)  There is but one verdict that a jury can return where the defendant is found guilty of a charge.  The jury could not have been misled by this instruction of the court.  They were fully instructed on the law after hearing the evidence.  If it was error, it was immaterial error.  (*State v. Lytle*, 177 Kan. 408, 413, 280 P. 2d 924; and *State v. Curtis*, 108 Kan. 537, 196 Pac. 445.)

The appellant also specifies that in the course of impaneling the jury the court erred in permitting the sheriff to openly, in the presence of the jury, assist the county attorney in the selection of jurors.

The record discloses that the county attorney did converse with the sheriff in the presence of the jury, during the selection of the jurors. From the record it appears that such conversation, however, was inaudible to the jurors and probably was unnoticed by the jurors until counsel for the defendant openly objected in court as follows:

"Mr. Cushenbery: The attorneys for the defendant want the record to show that at least twice during the examination of this jury the County Attorney consulted over the jury list with the Sheriff, in the full view of the jury, and we think that is misconduct because the Sheriff not only summons the jury, but he is a witness in the case, and an officer of the Court. We just want the record to show that it was obvious that the County Attorney was discussing jurors, including the last juror right in the full view of the jurors.

"The Court: Overruled."

It must be noted that defense counsel did not ask the court for any action. The statement was not in the form of an objection. Furthermore, it is not error for a county attorney to consult with the complaining witness in a criminal action, such as was here indicated, in the selection of a jury. Certainly a complaining witness should have the opportunity before a jury is finally approved to indicate through counsel whether a peremptory challenge should be exercised against one or more of the jurors. Undue attention, if any, was called to the jury by counsel for the defendant in making his statement into the record.

If the defendant was serious in his contention that he had a meritorious proposition of law which he was seriously pressing upon the attention of the trial court, he should have stated it in clear and simple language so that the trial court could have fully understood it. It avails the defendant naught to disturb a judgment on appeal if a point is so obscurely hinted at during the trial of a case that the court quite excusably may fail to grasp the significance of it. (*State v. Bell*, 121 Kan. 866, 250 Pac. 281.) There is no showing in the record on the part of the appellant that the jurors were in any way prejudiced by reason of the county attorney consulting with the sheriff while the jury was being selected.

The appellant specifies that the trial court erred in refusing to dismiss the charge of reckless driving and in submitting that charge to the jury. Since the jury acquitted the defendant of this charge the question is moot and immaterial at this time. The record discloses that at the close of the state's case counsel for the defendant demurred to the charge of reckless driving in the information, and asked that the same be dismissed for the reason that the evidence

of the state was entirely devoid of any proof that the defendant was operating his motor vehicle in such manner as to indicate either a willful or wanton disregard for the safety of persons or property. This was overruled. However, the trial court instructed the jury at the close of the evidence and among the instructions was one concerning the charge of reckless driving to which counsel for the defense made no objection, nor did he request a more detailed instruction, or request the court to direct a verdict on this charge. For this additional reason the defendant cannot complain at this late hour. (*State v. Dean,* 179 Kan. 24, 292 P. 2d 694; and *State v. Peasley,* 179 Kan. 314, 295 P. 2d 627.)

The appellant argues first, that the jury was justified in feeling that there was evidence of reckless driving or the court would not have submitted that charge to them; that submission of the charge to the jury gave the defendant a bad name; and second the submission of the reckless driving charge along with the charge of leaving the scene of an accident gave the jury the opportunity to do some trading in this case. These arguments are untenable. In the first place they assume that a jury completely disregards the court's instructions as to the law, and second, that jurors are generally incompetent to deal fairly and to be entrusted with the rights of a fellowman charged with crime. In *State v. Crosby,* 182 Kan. 677, 324 P. 2d 197, a defendant was charged with two counts of arson and found guilty upon both by a jury. The conviction was reversed as to one count on the ground that no offense was charged under G. S. 1949, 21-581. It was held that the proceedings based upon the valid count charging arson was not necessarily affected. (See, also, *State v. Curtis,* supra.)

Appellant specifies that the trial court erred in refusing to dismiss the charge of leaving the scene of an accident and in submitting that charge to the jury.

At the close of the state's evidence the defendant demurred and moved to dismiss the charge of leaving the scene of an accident on the ground that the state failed to prove sufficient facts to sustain a conviction on that count. The record fails to disclose any objection by counsel for the defendant to the court's instruction on leaving the scene of an accident as defined by G. S. 1949, 8-519 and 8-520, or any requested instruction that the court direct a verdict on this charge.

This court has long been committed to the rule that it is the

function of the jury, and not that of the court of appellate review, to weigh the evidence and pass upon the credibility of the witnesses, and, if there is substantial competent evidence to support it, a verdict will not be disturbed on the grounds that it is based on insufficient evidence or is contrary to the evidence. (*State v. Osburn*, 171 Kan. 330, 232 P. 2d 451, and authorities therein cited.) Since the jury found the defendant guilty of leaving the scene of an accident, the facts will be summarized from the evidence in their most favorable aspect to the state.

The defendant on the night of August 23, 1957, at about 9:15 p. m., was driving his automobile east on Highway No. 36 in the City of Atwood, Kansas, and at a point about 15 or 20 feet west of an intersection sideswiped Mrs. Wolfe's automobile doing between $50 and $60 damage. One side of her automobile was dented in, the chrome was torn off, and the door was sprung. At the point of impact the defendant's vehicle was 4 feet and 8 inches over on the wrong side of the road. The defendant did not stop but proceeded on to make a left turn sliding around the corner "in a very fast manner." One witness said: "He had it going just as fast as he could make the thing go." After making the left turn the defendant stopped a short distance away, got out of his automobile and looked it over for a few minutes. He then got back into his automobile and proceeded on without giving his name or address or the registration number of his automobile, or showing his operator's license to the driver or occupant of or the person attending the vehicle collided with. The license number of the defendant's vehicle was taken by a witness that knew the defendant and recognized him, but upon investigation by the sheriff the defendant denied that he was even in Atwood on this particular evening. Three days later he finally made the following admission to the sheriff: "I am quite sorry that I didn't tell you this before, but it was my car that struck the .car."

It is argued that there is nothing in the evidence in this case which would indicate that the defendant did anything with any guilty or evil intent, and the court should have dismissed this charge. The court properly instructed as to the meaning of "willful" and the requisite intent in a criminal case. The jury heard all the evidence and the law as given in the instructions and thereupon found the defendant guilty. The trial court heard the evidence and after hearing argument on the motion for a new trial denied the motion.

This court cannot say after an examination of the record that there is no substantial competent evidence upon which to support a verdict finding the defendant guilty of unlawfully and willfully leaving the scene of an accident.

The appellant specifies that the trial court erred in refusing to find the county attorney guilty of misconduct in the trial of the cause. Many matters concerning which the appellant complains under this specification were initially called to the attention of the jury by counsel for the defendant apparently in an effort to show that the state and the sheriff were bent on persecuting the defendant. This is sometimes a trial tactic which fails to influence the jury for an acquittal. Other conduct complained of under this specification relates to questions propounded by the county attorney to various witnesses. These questions may be serious but the appellant did not raise them as a ground on his motion for a new trial. It was held in *State v. McManaman,* 175 Kan. 33, 258 P. 2d 997, that on appeal from an order overruling a motion for a new trial specifications of error not included in the grounds of such motion and called to the attention of the trial court cannot be considered on an appeal from a conviction in a criminal case. (See, also, *State v. Haught,* 180 Kan. 96, 299 P. 2d 573; and *State v. Teter,* 180 Kan. 219, 303 P. 2d 164.)

In *State v. Teter,* supra, this court said:

"At the outset it should be stated the great majority of the claims of error relied on by the appellants relate to alleged trial errors, obviously the product of afterthought, which were not ever set forth in their motion for a new trial and were neither argued nor relied on as grounds for the allowance of such motion at the time it was presented to the trial court." (p. 220.)

From an examination of the record presented by the abstract and counter abstract, the evidence in this case was clearly sufficient to support the verdict of guilty on the charge of unlawfully and willfully leaving the scene of an accident. On the specifications of error presented the trial court did not err in overruling defendant's motion for a new trial, and it does not affirmatively appear from the record that the appellant was denied a fair and impartial trial or that his substantial rights have been prejudiced.

Finding no reversible error in the record, the judgment of the trial court is affirmed.