No. 41,797

The City of Lyons, a Municipal Corporation, *Appellee*, v. Charles G. Poindexter, *Appellant.*

(350 P. 2d 787)

Opinion filed April 9, 1960.

*Hubert B. Sanders,* of Stafford, argued the cause, and *Arthur C. Hodgson,* of Lyons, was with him on the briefs for the appellant.

*Granville M. Bush,* of Lyons, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

Jackson, J.: The appellant was convicted in the police court and upon appeal to the district court of the misdemeanor of driving an automobile while under the influence of intoxicating liquor. The trial in the district court was had before a jury, and the verdict of guilty was approved by the trial court. Although some of the evidence in the record might tend to show appellant was ill rather than intoxicated, he prudently does not contend in this appeal that the evidence produced at the trial in the district court was not sufficient to sustain the verdict of the jury. In his brief in this court, appellant argues only two specifications of error.

The first error mentioned in the brief is based upon the following occurrence: After the jury had retired to consider the case, it notified the court through the bailiff that it desired to hear the testimony of the sheriff, who had testified for the prosecution, read to them. Defendant and counsel for both the prosecution and defense were present and the court pointedly asked counsel if there were any objections to complying with the jury's request. Both counsel assured the court that they had no objection, and thereupon

the specified testimony was read to the jury by the reporter from his notes.

Appellant seems to have argued upon motion for new trial and argues to this court that the above proceedings constituted error. It is indeed difficult to see any merit in the contention, and we are constrained to find that the learned trial court was correct in refusing to sustain the motion for new trial upon this ground. Not only had appellant failed to object at the trial, but this court has approved such procedure in a criminal trial in the case of *State v. Logue,* 115 Kan. 391, 223 Pac. 482. Furthermore, the Logue case was again noted and approved in the civil case of *Phillips v. Carlson,* 178 Kan. 206, 284 P. 2d 604, which also relied upon the provisions of G. S. 1949, 60-2913. We do not need to decide whether the provisions of the civil code of procedure, just noted, have any binding application in the trial of criminal cases under G. S. 1949, 62-1413 and 62-1414. We are clear that there was no error in the above proceedings.

The second argument made in appellant's brief concerns an answer made by one of the witnesses for the prosecution during cross examination. The witness was the arresting officer, and he had testified upon direct examination that defendant refused to take the blood test for alcoholic content of his blood until after he talked with his attorney. Under cross examination, the witness testified that the attorney was called at defendant's request; that after counsel had talked with defendant, witness asked the attorney about the blood test, and that the reply was to the effect that it would make no difference, the defendant was drunk.

The abstract shows that there was no motion to strike the testimony or other objection of any kind. The record fails to show, and we are informed without cavil on the part of the appellant, that this matter was not brought to the attention of the trial court at the time of the hearing of the motion for new trial. It requires no discussion to show that an alleged trial error cannot be asserted for the first time on appeal when it has never been brought to the attention of the trial court. Such contention is violative of the fundamental rules of judicial review. Only a few of our more recent cases need be mentioned upon this point: *State v. Lintner,* 183 Kan. 433, syl. ¶ 7, 327 P. 2d 848; *State v. Teter,* 180 Kan. 219, syl. ¶ 1, 303 P. 2d 164; *State v. Haught,* 180 Kan. 96, 100, 299 P. 2d 573.

The judgment of the district court must be affirmed. It is hereby so ordered.