No. 44,064

STATE OF KANSAS, *Appellee*, v. VINCENT LEE, *Appellant*.

(419 P. 2d 927)

Opinion filed November 5, 1966.

*Robert D. Benham,* of Kansas City, argued the cause, and *Albert E. Grauberger,* of Kansas City, was on the briefs for the appellant.

*Leo J. Moroney,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Robert L. Serra* and *William L. Roberts,* Assistant County Attorneys, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is a direct appeal from a verdict and judgment finding the defendant guilty on three counts of robbery in the first degree.

The defendant was sentenced on each count to imprisonment in the Kansas State Penitentiary for not less than ten nor more than twenty-one years. The sentences were to run concurrently. He was charged in the information with entering Russell's Grocery Store on November 6, 1963, armed with a .38 caliber pistol, assaulting a salesman and taking $566 from him; entering Hill's Shoe Store on October 29, 1963, armed with a .38 caliber pistol, assaulting the manager and taking $120 from him, and again entering Hill's Shoe Store on October 31, 1963, armed with a .38 caliber pistol, assaulting the manager and taking $100 from him.

The defendant, having been convicted on all three counts, has appealed to this court alleging numerous errors occurring before and during the trial. The detailed facts will be presented as we consider the legal issues to which they apply.

Appellant first contends that his constitutional rights were offended because he was not afforded counsel before he voluntarily submitted to a lie detector test.

It appears that appellant was arrested in Kansas City, Missouri and on November 7, 1963, voluntarily waived extradition and was brought to Kansas City, Wyandotte County, Kansas where he was placed in jail. He was interrogated and voluntarily submitted to a lie detector test. During this period no facts were obtained which were used in evidence, no plea was taken and no incriminating statements were taken to be used in evidence. The appellant does not contend otherwise.

Appellant makes the rather ingenious argument that the test might have been favorable to him and had he had counsel, an agreement might have been reached by which the lie detector test could have been admitted.

We cannot agree with the theory advanced by appellant. The result of the lie detector test was not admissible as evidence under the decisions of this court and any reference thereto on the part of the state or its witnesses would have constituted error under the circumstances. (*State v. Lowry*, 163 Kan. 622, 185 P. 2d 147; *State v. Smith*, 187 Kan. 42, 353 P. 2d 510; *State v. Emory*, 190 Kan. 406, 375 P. 2d 585.) What happens in the interim between the arrest of a suspect and the appointment of an attorney cannot constitute

the denial of constitutional rights where no facts were procured to be used in evidence, no defenses were lost, no plea was taken and no incriminating statements were made. (*State v. Richardson*, 194 Kan. 471, 486, 399 P. 2d 799.)

Appellant next contends that he was denied his constitutional right to a speedy trial in that he was arrested on November 6, 1963, and not brought before a magistrate for a preliminary hearing until November 12, 1963.

This question is determined by the decision in the recent case of *Witt v. State*, 197 Kan. 363, 416 P. 2d 717, where it was held:

"The guaranty of a speedy trial contained in Section 10 of the Bill of Rights of the Kansas Constitution does not refer to the preliminary examination, but rather to the trial held after an indictment is returned or an information is filed, and at which the issue of guilt or innocence is to be determined." (Syl. 1.)

The appellant further contends that there was a fatal variance in the description of the pistol used in the robbery as between the charge in the information and the proof.

The information in each count charged the use of "a deadly weapon, to-wit: a .38 caliber pistol." Only two witnesses saw the gun and only one was asked to describe it. He testified he gave up the money because he was afraid of the gun. He stated:

"All I could see was it was a small gun, looked new and had a white handle and I don't know what type of gun it was."

We. must conclude that the failure to prove the caliber of the pistol alleged in the information to have been used in the robbery did not constitute a fatal defect. The caliber of the pistol was not a necessary allegation. The statute refers to robbery by violence or putting a party in fear of immediate injury to his person. The caliber of the pistol used would be quite immaterial. In 42 C. J. S., Indictments and Informations, § 250, p. 1267, the rule is stated as follows:

"As a general rule, immaterial and unnecessary allegations in an indictment, which might be omitted entirely without affecting the charge against the prisoner, may be considered as surplusage and disregarded, especially where the particular allegation is pleaded under a videlicet. In other words, generally it is sufficient if the substance of the offense charged is proved. . . ." (See, also, *State v. Wiencha*, 114 Kan. 448, 219 Pac. 497; *State v. Wahl*, 118 Kan. 771, 236 Pac. 652.)

The appellant also contends that the information was defective because it did not allege the correct name of the store from which the property was taken in counts 2 and 3 of the information.

The information named the "Hills Shoe Store" while the witnesses testified the name of the store was "Hill Brothers' Shoe Store." We do not believe that the discrepancy in the names used in anyway hampered the defense of the appellant or prejudiced his rights. There does not appear to have been another shoe store of a similar name.

The name of the place of the robbery or the name of the person or place robbed must be sufficient to give the accused notice of the charge against him, enable him to make his defense with reasonable knowledge and enable him to plead the prosecution as bar to another indictment for the same offense. However, where the accused could not have been misled by the misnomer there could be no prejudice. (*State v. Witt*, 34 Kan. 488, 8 Pac. 796; *State v. Nugent*, 51 Kan. 297, 32 Pac. 1123.)

It might also be suggested that the objections to the sufficiency of an information made after trial and verdict do not receive the same favorable consideration as where they are made before arraignment and plea. (*State v. Davis*, 106 Kan. 527, 188 Pac. 231.)

The appellant last contends that the trial court erred in failing to sustain appellant's motion for a new trial. At this point numerous errors are alleged. Two are to the effect that one of the state's witnesses who had investigated the case was asked whether or not a taxicab figured in the investigation and answered yes, and the defendant's wife was asked on cross-examination whether or not she and her husband were members of the Muslim Church and she answered yes.

No objections were made to the questions and answers. We must, therefore, assume that they were not considered prejudicial at the time of the trial. Any error in the admission of evidence is waived by failure to object at time of trial (*State v. Ireton*, 193 Kan. 206, 392 P. 2d 883; *State v. Hill*, 193 Kan. 512, 515, 394 P. 2d 106) and a claim of prejudice is not available where no objection is made at time of trial. (*City of Lyons v. Poindexter*, 186 Kan. 521, 350 P. 2d 787.)

In his motion for a new trial appellant also objects to the manner in which the "show up" or "line up" was conducted and his identification by eye witnesses. Without discussing the matter at length it will suffice to state that the manner in which the "show up" or "line up" was conducted and the weight to be given the testimony of eye witnesses attending was a matter for consideration by the trier of the facts.

Finally, the appellant contends the trial court erred in not granting a new trial because a witness subpoenaed by appellant did not appear at trial. It appears the appellant had subpoenaed the police officer who had taken the lie detector test heretofore mentioned. A subpoena *duces tecum* was also issued directing the officer to bring "all reports and records pertaining to one Vincent Lee, and in particular the lie detector test given to the aforementioned."

The trial court had ruled against appellant in his attempt to introduce testimony as to the lie detector test and the witness did not appear.

The appellant did call the court's attention to the fact that he had subpoenaed the officer but he made no request of any kind. He did not suggest to the court what would be the nature of the officer's testimony. There does not appear to have been action taken by the appellant to require the attendance of the witness.

We are forced to conclude that a defendant in a criminal case, who makes no effort under the provisions of K. S. A. 62-1309 to have a witness compelled to attend during trial, is in no position to complain on a motion for a new trial of the failure to attend.

A careful examination of the numerous errors alleged discloses nothing prejudicial to the rights of the appellant such as would require the granting of a motion for a new trial.

The judgment is affirmed.

APPROVED BY THE COURT.