142

No. 45,317

GILBERT ESCO ANGLE, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(446 P. 2d 832)

Opinion filed November 9, 1968.

*Don Matlack,* of Wichita, argued the cause, and was on the brief for the appellant.

*R. K. Hollingsworth,* Deputy County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for the appellant.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from an order of the district court of Sedgwick County denying the petitioner relief in a proceeding instituted pursuant to K. S. A. 60-1507.

The underlying issue before the trial court attacking the validity of the sentence was whether the petitioner should have been permitted to withdraw his plea of guilty to the criminal charges upon which his conviction and sentence were based.

On the 12th day of April, 1965, the petitioner was represented by retained counsel and pleaded guilty to the offenses of first degree robbery and violation of the check law. He was thereafter sentenced in accordance with the applicable statutes. He took a direct appeal from the judgment of conviction which was affirmed by this court in *State v. Angle,* 197 Kan. 492, 419 P. 2d 935, where the facts relating to the criminal action are set forth.

Thereafter the petitioner, an indigent, instituted this action pursuant to 60-1507, *supra.* Counsel was appointed to represent him, and the trial court gave him an evidentiary hearing at which he was present and testified.

On appeal the points raised by the petitioner correspond with the

points set forth in his motion upon which the trial court denied relief. The petitioner contends: (1) That he was not guilty as charged; (2) that he was an incompetent person at the time of the "alleged crimes, arrest, preliminary hearing, arraignment and trial;" (3) that he was "coerced into waiving his constitutional rights, preliminary hearing and into entering his plea of guilty" to the charges; (4) that he was inadequately and ineffectively represented by his attorney because of conflict of interest, fraud and misrepresentation; (5) that he was never at any time informed of the nature of the charges against him; and (6) that he was not given sufficient time to consult his attorney for the 1507 hearing. The last point has been abandoned.

Though specified in more detail, the above points raise substantially the same issue which was before this court on appeal in the criminal action.

At the hearing in the trial court in this 1507 proceeding the petitioner called as his first witness his retained trial counsel who testified in direct opposition to the petitioner's contentions. The petitioner's testimony tended to substantiate the allegations in his petition. The petitioner then called Patricia Sandefer, his lady friend, who failed to corroborate any of his allegations. No further evidence was offered by the petitioner, and the state called one witness who corroborated the testimony of the petitioner's trial counsel. Upon the foregoing conflicting evidence the trial court found the petitioner failed to sustain the burden of proof, specifically setting forth its finding against the petitioner on each of the points enumerated in his motion, and denied the relief sought.

It would serve no purpose to detail the facts presented by the evidence in this case. We have carefully reviewed the record, and the only evidence presented at the hearing tending to substantiate the appellant's petition was his own testimony, which even his own witnesses refuted. We find no error in the record presented wherein the trial court denied relief. (*Goodwin v. State,* 195 Kan. 414, 407 P. 2d 528; *Huston v. State,* 195 Kan. 140, 403 P. 2d 122; and *Lieser v. State,* 199 Kan. 503, 430 P. 2d 243.)

The judgment of the lower court is affirmed.