No. 45,737

VINCENT LEE, *Appellant*, v. THE STATE OF KANSAS, *Appellee*.

(461 P. 2d 743)

Opinion filed December 6, 1969.

*Robert C. Miller*, of Kansas City, argued the cause, and was on the brief for the appellant.

*Nick Tomasic*, Assistant County Attorney, argued the cause, and *Kent Frizzell*, Attorney General, and *Frank D. Menghini*, County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: In 1964, the petitioner, Vincent Lee, was convicted of three charges of first degree robbery. He appealed to this court, where the convictions were upheld. (*State v. Lee*, 197 Kan. 463, 419 P. 2d 927.) Subsequently, Mr. Lee filed this action under K. S. A. 60-1507 collaterally attacking the judgments.

After an examination of the files and records in the case, the trial court found: (1) that petitioner's motion presented no constitutional question of law or fact which required appointment of counsel, and (2) that the files and records conclusively showed that Lee was entitled to no relief and that no evidentiary hearing was required. This appeal followed.

Two points are raised on appeal: (1) that petitioner's constitu-

tional rights were violated when the fact of his religion was raised at the trial, and (2) that his constitutional rights were violated when members of his race were purposely excluded from the jury at his trial.

As to the first point it is sufficient to point out that the same issue was raised in Mr. Lee's former appeal and was determined adversely to him. Supreme Court Rule No. 121 (c) (201 Kan. xxxiii) provides that a proceeding under section 60-1507 is not to be used as a substitute for a second appeal. This rule has been applied in a ' number of cases, (*Hanes v. State*, 196 Kan. 404, 411 P. 2d 643; *Miles v. State*, 195 Kan. 516, 407 P. 2d 507; *Brown v. State*, 198 Kan. 527, 426 P. 2d 49) and is applicable to the present case as well.

We pass to petitioner's second contention, *i. e.*, that members of the Negro race were purposefully excluded from the jury at his trial.

This court has recently held that a Negro accused of crime is not constitutionally entitled to be tried by a jury containing members of his own race; that his constitutional rights in such regard are not infringed, nor is he subjected to invidious discrimination except where Negroes are purposefully excluded from the jury which tries him. (*State v. Clift*, 202 Kan. 512, 449 P. 2d 1006; *Scoggins v. State*, 203 Kan. 489, 454 P. 2d 550.) See, also, *Woods v. Munns*, 347 F. 2d 948.

Although the petitioner alleges "purposeful discrimination" we are not able, from the record before us, to fault the trial court for concluding without an evidentiary hearing that the files and records in the criminal prosecution conclusively showed Lee was not entitled to relief. He listed no witnesses or other evidence, as called for in paragraph 11 of the form appended to Rule 121, on which he expected to rely in establishing that Negroes were excluded from the jury, either purposefully or otherwise. From such omission it may logically be assumed that Mr. Lee intended to rely solely on his own unsupported testimony. (*Lieser v. State*, 199 Kan. 503, 430 P. 2d 243.) Moreover, nowhere in the petitioner's brief, or in his oral argument, was it suggested that corroborating proof was available.

A petitioner seeking relief under K. S. A. 60-1507 bears the burden of establishing his right to relief by a preponderance of the evidence, and his uncorroborated statements are insufficient to sustain that burden. (Rule 121 [g].) This concept is firmly embedded in our

decisions. (*Lieser v. State,* supra; *Angle v. State,* 202 Kan. 142, 446 P. 2d 832.) No good reason has been advanced in this case for changing the rule.

The judgment of the court below is affirmed.