No. 30,942.

WESLEY M. SMITH, *Appellee*, v. VEEDER SUPPLY COMPANY, *Appellant*, et al.

(19 P. 2d 699.)

Opinion filed March 11, 1933.

*W. N. Banks, O. L. O'Brien, Walter L. McVey, Kirke C. Veeder* and *John Bertenshaw*, all of Independence, for the appellant.

*Dyke Ballinger* and *Bryce Ballinger*, both of Miami, Okla., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:   Wesley M. Smith filed a petition on May 9, 1931, in a single count, alleging that the Veeder Supply Company was liable to the plaintiff upon two grounds, one for injury to an employee of the plaintiff.  The plaintiff had obtained a gas-mining lease on the land of another, and had located a drill rig thereon and was drilling for gas.  Plaintiff had already reached gas, and it was flowing from the well.  It was alleged that defendant was engaged in the construction of a pipe line from the well to the main lines of a company to which plaintiff had sold the gas to be produced from the well, and that defendant was in the employ of the purchasing company and in no way in the employ of the plaintiff.  It was alleged that it had constructed the line to within forty or fifty feet of the plaintiff's well, had laid down the pipe line up to the well and was engaged in welding the same with a blow torch; that the employees of the plaintiff warned the defendant that it was unsafe to use the blow torch at that point, for the reason that the well was producing gas, and if they used the blow torch before the well was shut off they would set it on fire, endangering both the property of the plaintiff and the lives of his employees who were working around the well and drilling machine at the time, but that they continued to use the blow torch, which resulted in igniting the gas, causing an explosion, on May 10, 1929, setting plaintiff's derrick on fire.  That a metal wheel located on top of the derrick burned out and fell, striking Homer Cottengim, plaintiff's employee, on the head, fracturing his skull and seriously injuring him; that Cottengim was rushed to a hospital, cared for at the expense of plaintiff, who has paid out and contracted to pay hospital bills, doctors' bills, nurses and compensation to Cottengim as the result of said injury, in the total sum of $922.50; and also alleged that defendant was liable to plaintiff in the further sum of $142.08 for the destruction of the derrick, which was destroyed by the negligence of the plaintiff, and judgment was therefore asked for the sum of $1,064.58.  To this

petition, which attempted to set out two causes of action, a demurrer was filed on the ground that a cause of action was not stated by plaintiff against the Veeder Supply Company. On the 7th of November, 1931, the demurrer was confessed by plaintiff and sustained by the court. Plaintiff then asked and obtained leave to file an amended petition within twenty days. Another or amended petition was filed on the 14th day of November, 1931, which contained two counts, setting up, as counsel say, substantially the facts stated in the original petition, first, that for the damages sustained by plaintiff by reason of the injury to its employee, and second, that for the damages sustained by the burning of the drilling rig.

A motion was made to strike the amended petition from the files on January 8, 1932, the ground being that the general demurrer had been previously sustained, no appeal taken from it, and that no cause of action having been stated in the original petition, the amended petition was barred by the statute of limitations. It may be noted that the original petition was filed one day before the statute of limitations ran, and it had run when the second pleading was filed. The motion to strike the amended petition from the files and a demurrer thereto were overruled, and from these rulings this appeal is taken.

The appeal involves the application of the two-year statute of limitations. The first petition was filed May 9, 1931, just one day before the bar of the statute fell, and the amended petition was not filed until November 14, 1931, more than six months after the bar had fallen.

Plaintiff contends that where the amended petition only enlarges, makes more perfect the allegations in the original, and contains no new cause of action, the amended petition relates back to the filing of the original petition and is not barred, although the limitation would have run before the second petition was filed. If the first petition alleges in general a cause of action, but does so imperfectly and with insufficient detail, and the amended petition is only an enlargement of the averments of the original by setting out more definitely that which was pleaded in general and does not set up a new cause of action, the fact that the statute had run when the amended petition was filed is not a bar to a recovery, as in such a case the amended petition relates back to the filing of the original one. (*Railway Co. v. Moffatt*, 60 Kan. 113, 55 Pac. 837; *Service v. Bank*, 62 Kan. 857, 62 Pac. 670; *Railroad Co. v. Sweet*, 78 Kan. 243,

96 Pac. 657; *Taylor v. Railway Co.*, 81 Kan. 232, 68 Pac. 691.) However, if a cause of action is not pleaded in the original pleading, and the statute had run before the amended petition was filed, a different rule applies. Here the demurrer to the original petition challenging its sufficiency alleged that it did not state a cause of action against defendant. This question was submitted to the court, and thereupon plaintiff confessed that it did not set forth a cause of action, and the court then sustained the demurrer.

Upon plaintiff's application the court gave him time in which to file an amended pleading. This was done within the allotted time, but the bar of the statute had fallen before it was filed. What was the defect in the original petition confessed by plaintiff and adjudged by the court, does not appear in the record, but that no cause of action was alleged was determined, and from that decision no appeal was taken. Indeed, error could not well be assigned on the ruling of the court where the plaintiff had confessed that the petition did not state a cause of action against defendant. It, therefore, stands adjudicated that no cause of action was alleged within the two-year statute of limitations.

Plaintiff is now insisting that a cause of action was in fact stated, and that the amended petition did no more than to amplify and make more definite the averments of the original petition. Plaintiff may have conceded too much when he voluntarily confessed that his petition lacked averments essential to a cause of action, and possibly the court was led by his confession to sustain the demurrer, but whatever the fact may be, it was adjudicated that plaintiff had not pleaded a cause of action against defendant when the statute of limitations against his claims had run. The cause of action then set forth in the amended petition was necessarily a new one, and it being filed after the cause of action was barred, it cannot be the basis of a recovery.

The original petition did not toll the statute. In *Beneke v. Bankers Mortgage Co.*, 119 Kan. 105, 111, 237 Pac. 932, it was said:

"When a petition filed in due time fails to state a cause of action for lack of an averment relating, as in this instance, to substance and not to form, and the averment is supplied by amendment after the statute of limitations has run, the original petition does not toll the statute, and the amendment does not relate to the time of filing the petition so as to avoid the bar of the statute." (See, also, *Railway Co. v. Bagley,* 65 Kan. 188, 69 Pac. 189; *Powers v. Lumber Co.*, 75 Kan. 687, 90 Pac. 254.)

Again, if the original petition in fact set forth a cause of action imperfectly, but one which warranted an amendment which would toll the statute, the confession of the demurrer, which practically invited the ruling sustaining it, the plaintiff is not in a position to complain. It is settled that no one may avail himself of an error which he by his own act invited and led the court to commit. (*Insurance Co. v. Heckman*, 64 Kan. 388, 67 Pac. 879; *Mercer v. McPherson*, 70 Kan. 617, 79 Pac. 118; *State v. Hibbard*, 76 Kan. 376, 379, 92 Pac. 304; *State v. McKinney*, 76 Kan. 419, 421, 91 Pac. 1068.)

It must be held that there was error in overruling the motion to strike the amended petition and in overruling the demurrer to it. It follows that the judgment is reversed, with directions to enter judgment for defendant.