No. 35,061

HERMAN J. GALAMBA, *Appellant*, v. HATTIE STEINBERGER, Administratrix of the Estate of George Steinberger, *Appellee*.

(112 P. 2d 78)

Opinion filed April 12, 1941.

*Jake L. Liberman*, of Caney, for the appellant.

*O. L. O'Brien, Walter L. McVey, Laurence McVey* and *Thomas E. Wagstaff*, all of Independence, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action to recover damages which it is alleged resulted from the salvaging of personal property on oil and gas leases pursuant to a bill of sale. The defendant filed an answer and cross petition. A money judgment was rendered in favor of the defendant and against the plaintiff, and plaintiff appeals.

The appeal is from the judgment and order overruling plaintiff's motion for a new trial. Defendant was the administratrix of the estate of George Steinberger, deceased. The bill of sale was duly approved by the probate court. By the bill of sale defendant undertook to sell and transfer to plaintiff—

"All the following described personal property belonging to said estate as is more particularly set out in a list thereof attached hereto and marked exhibit A and made a part hereof."

Exhibit A contained three principal headings, to wit: "tools," "personal property," and "pipe-line system." Various items of personalty were specifically described under those principal headings. Following the specific description under the three principal headings mentioned, the bill of sale contained the further provision, to wit:

"Also all personal property and equipment now owned by the estate of George Steinberger, deceased, located on or used in connection with the following described leases."

Under the separate description of each of the twenty-two leases there was, however, again contained a specific itemization of the personalty conveyed, except in the case of four leases. The total consideration for the purchase was $12,000, which was paid when the deal was consummated. No separate price or value was specified for any of the separate articles of personalty. Under the terms of the bill of sale its delivery constituted an acceptance and delivery of the personalty conveyed. Plaintiff was authorized to enter the lands and to remove the property at his own expense.

Plaintiff sought a new trial upon the grounds: (1) Erroneous rulings of the court; (2) that the findings are in part contrary to the evidence; (3) that the findings are in conflict and inconsistent with each other and cannot form the basis of a judgment herein.

It is necessary to notice first the theory upon which plaintiff grounded his action. He pleaded the bill of sale and made it a part of the petition. The petition alleged there were shortages of certain materials specifically described in the bill of sale and that there were other materials of lesser value than those specifically described. The petition disclosed plaintiff did not stand upon the bill of sale. It reveals plaintiff appropriated and sold whatever materials he found on the leases, irrespective of whether the articles were covered by the bill of sale. He sought to recover damages for the claimed shortages and offered to credit defendant with materials appropriated which he conceded were not covered by the bill of sale. The petition conceded plaintiff appropriated and sold footages of certain materials in excess of footages specifically designated.

We also need to note plaintiff's theory and contention touching items of property claimed under the general provision, to wit: "Located on or used in connection with the following leases." As previously stated, items of personalty were also specifically described under that general provision as to eighteen of the twenty-two leases involved. Touching some of the eighteen leases plaintiff appropriated and sold some entirely different articles of personalty than those specifically described. Plaintiff claimed he was entitled to those articles under the general provision of the bill of sale heretofore quoted. He pleaded and contended the total value of shortages exceeded by $2,222.54, the value of the materials he appropriated and sold which were not covered by the bill of sale.

It was defendant's theory plaintiff had personally inspected the pipe-line system and all property on the leases prior to sale and that

plaintiff had purchased the property as a unit for $12,000. Defendant, however, further pleaded and contended in substance that if the court should adopt plaintiff's theory that then and in that event defendant should be held liable for shortages under the bill of sale and plaintiff should be held liable for the value of property appropriated in excess of the property specifically described in the bill of sale.

In view of the record we need not determine whether the action was tried entirely upon the correct theory. The trial court appears to have tried the action, as nearly as possible, upon plaintiff's own theory. In other words, the trial court charged defendant with shortages on items specifically described, and credited defendant with the value of materials taken by plaintiff which were not specifically described. Some of the last mentioned articles appropriated by plaintiff were of an entirely different character than those specifically designated following the description of the leases. The court determined the value of the materials in accordance with their market value on the leases and before severance from the leasehold estate, as contemplated by the bill of sale.

The basis, adopted by the trial court, for the determination of the value of the materials, constitutes the first ground of the motion for a new trial. Plaintiff insists the measure of damages was the market value of the materials after they had been made ready or available for sale on the leases and not the market value at the time of sale by defendant to plaintiff. With that contention we cannot agree. The personalty was sold in its then existing condition, that is, as a part of and connected with the leasehold estates. Plaintiff, under the terms of the sale, was obliged to disconnect and dismantle the various articles of personalty located on the leases at his own expense. This he was obliged to do in order to obtain possession of the articles of equipment he had purchased. On the other hand, if in that necessary salvaging process defendant incidentally benefited by getting the property she had not sold into a condition in which it would sell for a better price, plaintiff cannot be heard to complain.

Before we consider grounds two and three of the motion for a new trial, it is well to remember that where a party induces a trial court to try an action, or any part thereof, upon his own theory, he is not in a position to complain on review that such theory was erroneous. (*Keefe v. Kill*, 135 Kan. 14, 9 P. 2d 640; *Gelphman v.*

*Gelphman,* 142 Kan. 582, 50 P. 2d 933; *Meyer Sanitary Milk Co. v. Casualty Reciprocal Exchange,* 145 Kan. 501, 66 P. 2d 619.)

Touching the second ground of the motion for a new trial, it will be observed it was only claimed the findings were "in part," contrary to the evidence. There was no motion to set aside any particular finding or findings on the ground they were contrary to the evidence. We are therefore not advised what particular finding or findings were challenged. Before this court is justified in reversing a trial court upon the ground of such alleged error the record should disclose the particular error was called to the attention of the trial court.

This brings us to the third ground of the motion for a new trial. That ground has been stated previously. The principal contention made before this court does not follow the substance of the motion as made. The emphasis before us is rather that the findings are not in harmony with the evidence. The contention pertains to such subjects as footages of material, grades or kinds of material, whether some of the material on the lease was the same as that specifically described in the bill of sale, and to market value. On review we are not concerned with evidence which, if believed, would support a contrary finding, but only with evidence which supports, or tends to support, the findings made. (*Smith v. Lockridge,* 145 Kan. 395, 65 P. 2d 345; *Johnson v. Soden,* 152 Kan. 284, 103 P. 2d 812.) In view of the record before us we cannot say the trial court erred in overruling the motion for a new trial. It follows the judgment must be affirmed. It is so ordered.