No. 35,122

HIRONOME HERL, *Appellant*, v. PAUL HERL and LUDWINA HERL, His Wife, *Appellees*.

(114 P. 2d 817)

Opinion filed July 5, 1941.

W. L. Sayers, of Hill City, for the appellant.
R. H. Thompson, of Gove, for the appellees.

The opinion of the court was delivered by

WEDELL, J.: Plaintiff brought an action for an accounting with respect to the operation of a ranch in Gove county and to obtain possession thereof. Defendants filed an answer and cross petition in which they denied they were indebted to plaintiff. They also claimed the defendant, Paul Herl, was the owner of the ranch and sought to compel plaintiff to convey title to him. Defendants prevailed, and plaintiff appeals.

Plaintiff is the father of the principal defendant, Paul Herl. The defendant, Ludwina Herl, is the wife of Paul Herl. The controversy grew out of an oral contract under the terms of which the father agreed to sell the ranch to his son, together with personal property located thereon and to be subsequently placed thereon by the father. The consideration for the sale was to be paid by the son out of income resulting from the operation of the ranch by the son. The agreement was made in 1924, and the son has been in possession of the ranch and has operated it pursuant to the agreement.

The trial court made findings of fact and conclusions of law. It rendered judgment decreeing defendant, Paul Herl, was the owner of the fee title, subject, however, to a mortgage foreclosure judgment in favor of the Victory Life Insurance Company. The judgment gave the defendant, Paul Herl, the exclusive right to redeem. The judgment directed that upon demand of the defendant, Paul Herl, the plaintiff should make and deliver to him a deed to the land, and in the event of plaintiff's refusal to comply with such demand, the judgment should operate as a conveyance and vest full title in defendant, Paul Herl, subject only to the terms of the Victory Life Insurance Company's judgment. The findings of fact were not challenged and they disclose defendant, Paul Herl, overpaid plaintiff in the sum of $5,282.16 if interest on plaintiff's original investment and subsequent advancements is not calculated. The unchallenged findings support the judgment.

In the findings of fact the court did not calculate interest on capital originally invested and subsequently advanced to the son. It was stipulated at the trial defendent, Paul Herl, was required to pay interest on such investments under the terms of the agreement and the court so found. Among the assignments of error plaintiff includes the failure to include interest in the accounting. That alleged error is the only subject which requires our attention, as the findings otherwise clearly support the conclusions of law and the judgment.

The defendant, Paul Herl, insists plaintiff is not now in a position to raise the issue pertaining to interest. In support of that contention he directs our attention to a letter addressed by the trial judge to counsel for the respective parties and to an answer thereto by counsel for plaintiff. The former letter reads:

"Oakley, Kan., July 18, 1940.

Mr. W. L. Sayers, Hill City, Kan.        Mr. R. H. Thompson, Gove, Kan.

*Re:* Herl v. Herl, No. 2927, Gove county.

DEAR SIRS: I am enclosing to each of you a copy of my findings and conclusions in this case. You will note that I have made no finding with respect to interest properly chargeable to the defendants, as this would involve a long computation, taking into consideration the partial payments. The result of my findings is that the defendants have accounted for and repaid to the plaintiff $5,282.15 in addition to the capital advanced. If it is necessary or advisable that a more accurate accounting be made so as to include the interest, I will ask that you submit computations so that I may be able to check them with mine. Such computation might show a balance still due to the plaintiff, but I doubt if it would greatly change the result.

Very truly yours,        C. A. SPENCER."

The pertinent portion of the answer, written by counsel for plaintiff to the district judge, reads:

"Hill City, Kan., July 31, 1940.

C. A. Spencer, District Judge, Oakley, Kan.

*Re:* Herl vs. Herl.

Dear Mr. Spencer: I thank you for your letter of 18th. Will say that I am not quite certain of what date the judge will file his findings and conclusions. I will want to file some exceptions within time.

However, I will say that I shall not ask the court to make any computation of the interest.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .

Yours truly,        W. L. SAYERS."

No computation of interest was subsequently requested. Whether counsel for plaintiff was satisfied the sum of $5,282.16 was as much or more than the amount actually due for interest, we, of course, do not know. Nor need we determine whether that amount was less than the interest actually due. It is clear counsel for plaintiff induced the trial court not to compute interest in the determination of the final accounting. Assuming, without deciding, that the sum of $5,282.16 did not equal the interest due, plaintiff cannot complain. Where a party induces a trial court to try an action, or any part thereof, upon his own theory and thus leads the court into error, he will not be heard to complain on appeal. (*Keefe v. Kill*, 135 Kan. 14,

9 P. 2d 640; *Smith v. Veeder Supply Co.,* 137 Kan. 124, 19 P. 2d 699; *Gardenshire v. Sinclair-Prairie Oil Co.,* 141 Kan. 865, 44 P. 2d 280; *Gelphman v. Gelphman,* 142 Kan. 582, 50 P. 2d 933; *Meyer Sanitary Milk Co. v. Casualty Reciprocal Exchange,* 145 Kan. 501, 66 P. 2d 619; *Galamba v. Steinberger,* 153 Kan. 501, 112 P. 2d 78.)

Moreover, there is nothing in the instant record from which it clearly appears that, in view of the confusion resulting from a failure of either party to keep records as to dates of transactions and payments, interest could have been calculated with any degree of certainty.

Had the findings of fact been challenged we might be required to consider another contention now urged. In the absence of such challenge there is nothing which requires our further attention.

The judgment is affirmed.