No. 42,563

ORVIN W. GILLILAND, *Appellee,* v. KANSAS SOYA PRODUCTS COMPANY, INC., *Appellant.*

(370 P. 2d 78)

Opinion filed April 7, 1962.

*Byron Brainerd,* of Wichita, argued the cause, and *Lawrence Weigand, Lawrence E. Curfman, Charles W. Harris, Orval J. Kaufman, J. Ruse Mc-Carthy, Donald A. Bell, J. L. Weigand, Spencer L. Depew,* all of Wichita, and *Everett E. Steerman* and *Elvin D. Perkins,* both of Emporia, were with him on the briefs for the appellant.

*Charles S. Schnider,* of Kansas City, argued the cause, and *Joseph Cohen, John E. Shamberg, Joseph P. Jenkins, Barton P. Cohen, Jacob F. May, Jr., Frederick K. Cross, Norma Braly,* all of Kansas City, and *George Allred,* of Emporia, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action commenced within one year after the date of the accident by Orvin W. Gilliland, plaintiff (appellee), against Kansas Soya Products Company, Inc., defendant (appellant), under the provisions of G. S. 1959 Supp., 44-504, to recover damages for personal injuries sustained by plaintiff due to the negligence of the defendant. This is a companion case to *Schafer v. Kansas Soya Products Co.,* 187 Kan. 590, 358 P. 2d 737, in that it arises out of the same accident, wherein Schafer was killed and plaintiff herein sustained personal injuries. The parties will hereinafter be referred to as plaintiff and defendant. Defendant interposed the defense that plaintiff's sole remedy lay within the workmen's compensation law (G. S. 1949, Ch. 44, Art. 5, as amended) and that plaintiff had received an award of compensation against

his employer for the same injuries for which he sought recovery in this action.

The pertinent facts are as follows: Defendant company during all times pertinent hereto was engaged in the business of storing, processing and selling soybeans and other grains, and products manufactured therefrom. Its business was conducted in a mill and elevator at Emporia. To this mill flowed railroad cars loaded with grain, which, upon arrival, were spotted upon a siding on one side of the mill building and unloaded therefrom, and motor trucks, likewise loaded, which were unloaded on the other side of the mill building.

Plaintiff at all times pertinent hereto was regularly employed as a truck driver for the Blue Stem Truck Line owned by Raymond Fowler. This truck line was duly licensed by the state at the time in question and was operating as a common carrier of freight and property. Its services were available to all who desired to avail themselves thereof. Defendant operated some trucking equipment of its own but it also availed itself of the services of public carriers such as plaintiff's employer, Blue Stem Truck Line, Gene Kumle & Son Trucking Co., employer of John C. Schafer who was involved in the aforementioned case, and others.

Prior to January 16, 1959, the date of the accident, defendant employed Blue Stem Truck Line to transport some soybeans from Webb City, Missouri, to defendant's mill and elevator at Emporia. The truck line was to be paid on the basis of "per truck load mile." Plaintiff drove the truck for Blue Stem, which arrived at defendant's plant at Emporia on the night of January 16. As far as trucks were concerned, delivery of grain to defendant's plant was accomplished by the operator of the truck driving it upon the platform of a combination scale and hoist. Then an employee of defendant would, by means of compressed air, chock the rear wheels of the truck and then tilt the entire tractor-trailer unit by raising the front end of the platform, thus permitting the grain to flow out of the rear of the truck through a metal grill and into a hopper below the level of the ground. The metal chocks for the rear wheels were some eighteen inches high. The front end of the platform when elevated to the unloading position extended upward about eighteen feet above the ground. It was not plaintiff's duty to unload the beans or in any way assist in that task.

When plaintiff arrived with the truckload of beans at defendant's

mill he found that another tractor-trailer unit, owned by Gene Kumle & Son Trucking Co. and driven by John C. Schafer, had preceded him and was in the process of being unloaded by defendant from the platform in the manner aforementioned. Because defendant's platform was occupied and the unloading equipment was in use, plaintiff stopped his truck approximately twenty-five to twenty-eight feet to the rear of the platform awaiting his turn to drive thereon after the Kumle truck had been unloaded and had moved forward off the platform. While waiting, plaintiff stepped out of his truck, loosened the tarpaulin which covered the grain so that the same could be tested by defendant's men, and returned to his position behind the steering wheel of his truck where he sat for some fifteen minutes, when, suddenly and without warning, the Kumle truck moved violently backwards over the chocks and down the platform from its elevated position into the front of the Blue Stem truck in which plaintiff was seated, killing the driver of the Kumle truck, Schafer, who was standing between the two trucks, and causing plaintiff to sustain serious and crippling injuries for which this action was brought.

The case was submitted to the jury, which returned a general verdict in favor of the plaintiff and at the same time returned answers to special questions submitted by the court. From an order overruling defendant's post-trial motions, and from the judgment in plaintiff's favor, defendant appeals.

Defendant's principal contention in seeking to avoid responsibility for the negligent acts of its employees invokes the provisions of G. S. 1949, 44-503 (Subcontracting), which provides in substance that where any person contracts with any other person to do work, which is part of the principal's trade or business, he shall be liable to pay compensation to any injured workman employed in pursuance of the contract to the same extent as though such workman had been immediately employed by the principal. Defendant, in substance, contends that since it entered into a contract with plaintiff's employer Blue Stem Truck Line to secure the transportation of defendant's beans that Blue Stem was performing a part of defendant's trade or business and plaintiff thereby became a special employee of defendant under section 44-503 (a) and therefore may not maintain this action for damages but is limited to the recovery of an award of compensation under the workmen's compensation act.

Plaintiff relies on his right to recover damages under the provisions of G. S. 1959 Supp., 44-504. As stated in the beginning, this case involves the same accident and the same circumstances as the companion case of *Schafer v. Kansas Soya Products Co.*, 187 Kan. 590, 358 P. 2d 737, wherein the statutes and many of the cases cited in the instant appeal were there fully analyzed and discussed. So far as the status was concerned, Schafer's in the mentioned case and Gilliland's in the instant case were identical: Each was employed by a carrier of freight as a truck driver, plaintiff in this case by a licensed common carrier; each man was told to deliver the soybeans to defendant's mill at Emporia; and each man was told to deliver—not to unload. Plaintiff's employer testified that his men were not supposed to participate in the unloading. At page 598 of the *Schafer* opinion we held that Schafer was not a statutory employee within the contemplation of the workmen's compensation act under section 44-503 (a) and was not a special employee of the Kansas Soya Products Company, Inc., at the time and place of the accident which caused his death.

No useful purpose would be gained in further discussion of this matter, as we adhere to the rule laid down in *Schafer v. Kansas Soya Products Co.*, supra, and what was said there is decisive on the question presented in the instant case. Plaintiff was not a statutory employee of the defendant within the contemplation of section 44-503 (a) of the workmen's compensation act, and he properly brought this action to recover damages against the negligent third party under section 44-504.

It is next urged by defendant that the trial court erred in permitting plaintiff to present and prove the amount of compensation which had been paid him by his employer under the workmen's compensation act for the injuries received, and, in substance, instructing the jury that an injured workman has a right to ask for and receive workmen's compensation benefits from his employer and at the same time maintain an action for damages against a third party who caused his injury, and that in event of a judgment in plaintiff's favor against such third party the amount of workmen's compensation benefits paid and money spent for medical and hospital care for the employee would be reimbursed to the employer.

Plaintiff's cause of action was framed as an ordinary damage action to recover in tort against the defendant for its negligence

and made no reference to workmen's compensation or subrogation rights of his employer. Defendant filed an answer injecting the workmen's compensation issue into the case. The answer alleged that plaintiff was an employee of Fowler doing business as the Blue Stem Truck Line, a common carrier, and that Blue Stem was operating under the terms of the workmen's compensation act (G. S. 1949, Ch. 44, Art. 5, as amended) as was indicated by an award of compensation entered by the workmen's compensation commissioner January 28, 1960, wherein plaintiff was claimant and Blue Stem was respondent, and in which claimant was awarded compensation for the same injuries referred to in the plaintiff's amended petition. Plaintiff moved to strike this portion of the answer on the ground that it constituted no defense to plaintiff's cause of action. Defendant successfully resisted the motion. The plaintiff replied to the new matter set forth in the answer by admitting that he was an employee of Blue Stem and that his employer paid him compensation in a specified amount, and that by reason thereof, under the laws of Kansas, Blue Stem would be reimbursed for such amount out of any recovery had by plaintiff and denied that his recovery under the workmen's compensation act constituted a defense to the plaintiff's cause of action. Defendant then moved to strike the mentioned portion of plaintiff's reply. The court, after hearing the motion, stated:

"Well, the court is of the opinion that since the defendant chose to inject the fact that the plaintiff received money under the Workmen's Compensation Act that the plaintiff has the right to show the amount received by the plaintiff under any award made by the Commissioner; and the further fact that Raymond Fowler [Blue Stem Truck Line], as employer, would be reimbursed in the event of a verdict in this case to the extent of the amount paid. Isn't that a correct statement?"

Counsel for defendant replied in the affirmative, and the trial court then overruled defendant's motion to strike.

Assuming it was error to inject the workmen's compensation feature into the case (*Barker v. Zeckser,* 179 Kan. 596, 296 P. 2d 1085; *Gorrell v. Kansas Power & Light Co.,* 189 Kan. 374, 369 P. 2d 342), we can only say that it was invited error on the part of the defendant. It has long been the rule of this court that where a party induces the trial court to try an action upon his own theory he is not in a position to complain on review that such theory was erroneous. (*Galamba v. Steinberger,* 153 Kan. 501, 112 P. 2d 78; *Herl v. Herl,* 154 Kan. 44, 114 P. 2d 817.) Where counsel for one

party causes or invites a particular ruling, such party cannot later argue that such ruling was erroneous. (*Hammargren v. Montgomery Ward & Co.*, 172 Kan. 484, 499, 241 P. 2d 1192.) It is elementary that a litigant cannot take contrary positions, one in which he has sought and procured an order, ruling or judgment in the trial court and another in the supreme court in which he complains of such order, ruling or judgment; moreover, a litigant will not be heard on an appeal to complain of any order, ruling or judgment of the trial court which he suffered the trial court to make without objection. (*Brown v. Oil Co.*, 114 Kan. 482, 218 Pac. 998.) One who by his own act invites and leads the court into erroneous action cannot complain of it nor take advantage of the ruling. (*Mercer v. McPherson*, 70 Kan. 617, 79 Pac. 118; *Smith v. Veeder Supply Co.*, 137 Kan. 124, 19 P. 2d 699; *Brown v. Beckerdite*, 174 Kan. 153, 158, 254 P. 2d 308.) For other citations see West's Kansas Digest, Appeal and Error, § 882 (1); 1 Hatcher's Kansas Digest [Rev. Ed.], Appeal and Error, § 440.

Defendant further contends that the trial court erred in the admission of certain evidence and restricting its cross-examination of one witness. Suffice it to say we have examined the record and are unable to find any error in the trial court's rulings which would warrant a reversal of the case.

Defendant's final contention is that the instructions given were not a fair and adequate statement of the issues and law involved in the case. From our examination of the instructions it is apparent that the trial court fairly and adequately defined the issues of the case and the law applicable thereto. We are of the opinion that the instructions given were favorable to the defendant, and it has no right to complain.

In view of what has been said, the judgment of the trial court is affirmed.