No. 43,247

MURFIN DRILLING COMPANY, a Partnership composed of I. W. MURFIN; FRED MURFIN; and W. R. MURFIN, *Appellees*, v. EMMA PRATHER POE, *Appellant*, and M. R. WATERS; BERT YOUNG; HOMER HUNTZINGER; THE FOURTH NATIONAL BANK AND TRUST COMPANY, Wichita, Kansas; COLORADO NATIONAL BANK of Denver; ATLAS OIL CO., INC., RALPH L. HINNEN; THE SECURITY NATIONAL BANK of Kansas City; SOCONY OIL COMPANY; and JAMES SHEWMAKER, Receiver, *Appellees*.

(383 P. 2d 972)

Opinion filed July 10, 1963.

*George Stallwitz*, of Wichita, argued the cause, and *W. F. Lilleston, George C. Spradling, Henry V. Gott, Ralph M. Hope, Richard W. Stavely, Charles S. Lindberg*, and *Ronald M. Gott*, all of Wichita, were with him on the briefs for appellant.

*Laverne Morin*, of Wichita, argued the cause, and *George B. Collins, Oliver H. Hughes, Robert Martin, K. W. Pringle, Jr., W. F. Schell*, and *Robert M. Collins*, all of Wichita, were with him on the briefs for appellees, Murfin

Drilling Company, a partnership composed of I. W. Murfin, Fred Murfin and W. R. Murfin.

*Thomas C. Forbes, Harold G. Forbes,* and *George Forbes,* all of Eureka, were on the briefs for appellee, Bert Young.

The opinion of the court was delivered by

PARKER, C. J.: This is an appeal from an order of partition by sale of the working interest in two unitized oil and gas leases.

The order was issued on the pleadings and motions to be presently noted. The disputed issues were reserved for future trial without prejudice to the rights of any of the cotenants because of the partition order.

The general facts as disclosed by the pleadings are stated in the trial court's order of partition, pertinent portions of which read:

"Plaintiffs, I. W. Murfin, Fred Murfin and W. R. Murfin, a co-partnership doing business under the firm name and style of Murfin Drilling Company, and defendants, Emma Prather Poe, M. R. Waters and Homer Huntzinger, are tenants in common in and to the working interest of the following oil and gas leases dated April 10, 1951:

. . . . . . . . . . . .

"West Half of the Southeast Quarter (W/2 SE/4) of Section 20 and the West Half of the Northeast Quarter (W/2 NE/4) of Section 20 and the West Half of the Northeast Quarter (W/2 NE/4) of Section 29, all in Township 22 South, Range 10 East, Greenwood, County, Kansas.

"The plaintiff, I. W. Murfin, is the owner of an undivided 5/32nds of the working interest of said leases; the plaintiff, Fred Murfin, is the owner of an undivided 5/32nds thereof; the plaintiff, W. R. Murfin, is the owner of an undivided 5/32nds thereof; the defendant M. R. Waters, is the owner of an undivided 8/32nds thereof; the defendant Homer Huntzinger, is the owner of an undivided 4/32nds thereof; the defendant, Emma Prather Poe, is the owner of an undivided 5/32nds thereof, and also the owner of contractual obligations set out in Exhibits "A" and "B" to her Answer filed herein; the defendant Bert Young, is the owner of a reversionary interest in an undivided 15/32nds thereof as set out in Exhibit "A" to his Answer filed herein;

"The question as to the manner in which the proceeds of any sale should be divided and the amount of compensation defendant Emma Prather Poe is entitled to receive for her contractual rights as well as the compensation due Bert Young for his reversionary interest is reserved for further hearing;

"The entire 7/8ths working interest and the interests of the above-named plaintiffs and the defendants therein are proportionately subject to the burden of an overriding royalty interest in 1/8th of the 7/8ths working interest which overriding royalty is owned by Emma Prather Poe."

The contractual rights owned by Emma Prather Poe should be specifically mentioned. Originally all the working interest in the leases was owned by Mrs. Poe. All of the interests of the present

cotenants stemmed from an instrument executed by Mrs. Poe which reserved to her, in addition to an overriding royalty of 1/8th of the 7/8ths working interest which is not effected by the partition, (1) a 5/32nds working interest, free of development expense; (2) an operating expense credit which has now ripened into a lien against the remaining 27/32nds working interest in the amount of $3,975.92; and (3) the right to purchase the leases, or any well, at the salvage value, if the owners of the 27/32nds working interest should decide to abandon.

We will pass for the moment the consideration of certain cross-petitions and rulings made by the court in connection with demurrers to such pleadings.

After issues were joined by the pleadings the plaintiffs (Murfin Drilling company, a partnership composed of I. W. Murfin, Fred Murfin and W. R. Murfin), hereinafter referred to as appellees, filed a motion for a decree of partition with a sale if necessary, "the proceeds of the sale of such interest be held by the clerk of the court pending a determination of the interest of all parties concerned."

Mrs. Poe, the defendant and only appellant here, filed a "Motion for Sale," which stated:

"Comes Now Emma Prather Poe and moves the court for an order decreeing appraisement and partition by sale, if necessary, of the property involved in this action prior to trial upon the merits, and if partition in kind cannot be had without manifest injury, then decreeing that any sale of Emma Prather Poe's 5/32nds working interest be subject to the contracts attached as Exhibit "A" and "B" to her Answer heretofore filed herein and also subject to her 1/8th overriding royalty."

In its order of partition the trial court, after setting out the interests of the cotenants in the working interest, ordered and decreed:

". . . that the question of the manner in which the proceeds of any sale in partition should be divided and the amount of compensation to defendant Emma Prather Poe for her contractual rights, and the amount due Bert Young for his reversionary interest, be and are hereby reserved for further hearing at the trial upon the merits; that partition be and is hereby decreed notwithstanding that this action has not been tried upon the merits and issues remain to be so tried; that none of the tenants in common be prejudiced in any respect by partition prior to trial."

Mrs. Poe, hereinafter referred to as appellant, has appealed contending that:

"Not only did the trial court err in ordering partition of Mrs. Poe's 5/32nd

interest in the leases but it also erred in that, if partition is proper, then her contractual 5/32nd interest should have been treated the same as her 1/8th overriding royalty."

The appellant is in no position to object on appeal to an order which she requested in the court below. It will be noted that, as heretofore indicated, she specifically requested an order decreeing partition by sale if necessary, and if necessary, "then decreeing that any sale of Emma Prather Poe's 5/32 working interest be subject to the contracts attached as Exhibit "A" and "B" to her answer heretofore filed herein and also subject to her 1/8 overriding royalty."

Appellant did not request that the 27/32nds working interest be sold subject to her contractual rights. She requested that her 5/32nds be sold subject to her contractual rights. When property is sold subject to encumbrances and contractual obligations, such burdens follow and attach to the title of the purchaser. By the same token when property is sold subject to contractual benefits, such benefits follow and attach to the title of the purchaser.

The appellant might have objected to the partition and sale of her 5/32nds interest for the reason that it carried obligations against the remaining working interests which were difficult or impossible to determine. She did not choose to do so and cannot reverse her position on appeal to this court. See *Gilliland v. Kansas Soya Products Co.,* 189 Kan. 446 370 P. 2d 78, where it is said:

". . . It has long been the rule of this court that where a party induces the trial court to try an action upon his own theory he is not in a position to complain on review that such theory was erroneous. (*Galamba v. Steinberger,* 153 Kan. 501, 112 P. 2d 78; *Herl v. Herl,* 154 Kan. 44, 114 P. 2d 817.) Where counsel for one party causes or invites a particular ruling, such party cannot later argue that such ruling was erroneous. (*Hammargren v. Montgomery Ward & Co.,* 172 Kan. 484, 499, 241 P. 2d 1192). It is elementary that a litigant cannot take contrary positions, one in which he has sought and procured an order, ruling or judgment in the trial court and another in the supreme court in which he complains of such order, ruling or judgment; moreover, a litigant will not be heard on an appeal to complain of any order, ruling or judgment of the trial court which he suffered the trial court to make without objection. (*Brown v. Oil Co.,* 114 Kan. 482, 218 Pac. 998.) . . ." (pp. 451, 452.)

It does not appear from the record that appellant's rights have been seriously affected. The purchaser at the partition sale will take the 27/32nds working interest subject to the contractual obligations. He will take the 5/32nds working interest subject to

the contractual benefits. One will offset the other. The purchaser will take the entire working interest, and the value of the working interest will be so determined. The appellant's lien in the amount of $3,975.92 and the value of her contractual benefits will be deducted from the proceeds of the sale which would otherwise go to the 27/32nds working interest. The court appears to have so ordered by including the following language in its order:

"The question as to the manner in which the proceeds of any sale should be divided and the amount of compensation defendant Emma Prather Poe is entitled to receive for her contractual rights as well as the compensation due Bert Young for his reversionary interest is reserved for further hearing."

The appellant answered the petition for partition and cross-petitioned against the appellees for damages in the amount of $351,-500.00 for improper management of the leases. The trial court sustained appellees' demurrer to the cross-petition for the reason it constituted a misjoinder of causes of action.

The appellant also filed a cross-petition in which she sought a personal judgment against defendant Bert Young, her original assignee, for the $3,975.92 which had become a lien on the 27/32nds working interest. Young's demurrer to this cross-petition was also sustained.

The appellant's claims of error on the rulings on both demurrers are without merit. Her first cross-petition seeks a personal judgment against appellees. Her second cross-petition seeks a personal judgment against defendant Bert Young who holds a reversionary interest in the leases. The controversies do not affect the title, or the interest in, the leases.

The appellant calls our attention to G. S. 1949, 60-2114, which provides:

"The court shall have full power to make any order not inconsistent with the provisions of this article that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests."

Appellant also suggests, this court has held that in administering the provisions of the statute, the trial court has the same powers as were exercised by courts of chancery under equity practice, including full power to settle all questions involved on just and equitable principles. So it has. (*Hurley v. Painter*, 180 Kan. 552, 306 P. 2d 184; *Browne v. Loriaux*, 189 Kan. 56, 366 P. 2d 1016.)

However, appellant attempts to stretch the rule too far. The "questions involved" must relate to the title or some interest affect-

ing the property in question. Where numerous cotenants are involved, one cotenant cannot use an action for partition as a vehicle to settle personal differences with another, which are unrelated to the partition of the property.

Appellant further suggests that the second cross-petition "merely sought to enforce Young's personal liability for the amount due as ancillary to foreclosure of the lien." The lien was a matter of record. It necessarily has to be recognized in the partition action. If the interest to which the lien attached was not sold subject to the lien, the lien attached to the proceeds of the sale. The second cross-petition could accomplish nothing more than a personal judgment against Young.

Our careful examination of the record discloses no error which would justify a reversal of the trial court's action in this case.

The judgment is affirmed.