No. 43,418

THE MANHATTAN BIBLE COLLEGE, *Appellee,* v. FRANK E. STRITESKY, *Appellant.*

(387 P. 2d 225)

Opinion filed December 7, 1963.

288

*Kenneth V. Moses,* of Marysville, argued the cause, and was on the briefs for the appellant.

*Robert E. Ferguson,* of Marysville, argued the cause, and *Rowland Edwards,* of Waterville, was with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action in ejectment to recover possession of real property. Summarily the facts are: The Manhattan Bible College, hereinafter referred to as plaintiff, (appellee), was the owner of a quarter section of land in Marshall county. It entered into a written lease with Frank E. Stritesky, defendant (appellant), dated February 25, 1958, whereby plaintiff rented the land to the defendant for one year ending February 28, 1959. On expiration of this lease defendant held over with consent of the plaintiff, thereby becoming a tenant from year to year. In order to terminate such tenancy by March 1, 1961, defendant gave plaintiff thirty days' notice in writing prior to February 28, 1961.

During the year 1960, and prior to September 10, there had been some discussion between plaintiff and defendant about a new lease. Following its receipt of a letter dated September 10 from defendant, plaintiff made a rough draft of the proposed lease and discussed the matter with defendant. Certain suggested changes were made in the lease by plaintiff, and on September 16 two copies of the proposed lease were signed by the plaintiff and mailed to the defendant with instructions to sign both copies and return one copy to the plaintiff. Several days later defendant made objection by saying that water rights had been left out of the lease.

On September 27 plaintiff drew up a new lease and mailed two copies to defendant requesting he sign the lease, have it witnessed and return one signed copy to plaintiff. The record discloses defendant received the original and copy of the September 27 lease on September 29.

The record further discloses that following the mailing of the lease and copies plaintiff heard nothing from the defendant with reference thereto. Consequently, on January 20, 1961, plaintiff served notice on defendant to terminate the tenancy. On February 11, 1961, defendant wrote plaintiff he had received the notice to terminate the tenancy, and enclosed a signed copy of the September 16 lease that previously defendant had objected to for the reason it contained no provision for water rights. The lease of September 27 was not returned to plaintiff.

At the trial the defendant took the position of having accepted and signed the lease of September 27, 1960, and having mailed the same to the plaintiff. Plaintiff denied the mentioned lease was ever executed by the defendant, and further asserted there was no acceptance or any communication of acceptance of the September 27 lease.

After all the evidence was in, the parties, through their respective counsel, agreed that the case be submitted to the jury on two special questions: "1. Did the defendant, Frank Stritesky, at any time prior to the 24th day of January, 1961, communicate to the plaintiff, Manhattan Bible College, his acceptance of the lease offered to him by the plaintiff?" and "2. If your answer to Question No. 1 is in the affirmative, state the manner in which such communication was made, and the time, or approximate time, of such communication." The jury in its verdict for plaintiff answered the first question in the negative; thus, the second question did not require an answer.

The defendant filed a motion for judgment notwithstanding the verdict and a motion for a new trial. Plaintiff filed a motion for judgment on the answer to the special question. Subsequently the court overruled defendant's motions and sustained plaintiff's motion and entered judgment in plaintiff's favor for possession of the property.

From the judgment entered defendant appeals only from the judgment and the order overruling his motion for judgment notwithstanding the verdict. The defendant did not appeal from the order overruling his motion for a new trial nor does he specify such ruling as error.

In his brief in this court defendant complains of certain trial errors. All that need be said on this issue is that trial errors cannot be considered by the appellate court unless a motion for a new trial, based upon such errors, has been filed by the complaining party and acted upon by the trial court and its ruling thereon included in the notice of appeal and thereafter specified as error in the appellate court. (*Jones v. Kansas City Embalming & Casket Co.*, 190 Kan. 51, 53, 372 P. 2d 60.) An appeal perfected only from "decisions, findings, rulings and judgments" does not constitute an appeal from an order overruling a motion for new trial, and under such circumstances this court has no jurisdiction to review trial errors in the judgment. Moreover, an assignment of error to the effect that the trial court erred in rendering judgment amounts to

nothing more than the decision is wrong. It does not specify any error and presents no reviewable ruling to the appellate court. (*Matlock v. Matlock*, 182 Kan. 631, 323 P. 2d 646.) The mentioned rules are of long standing and need no further citations.

We have also held that a motion for judgment *non obstante veredicto* raises questions of law and is no substitute for a motion for a new trial in testing the sufficiency of evidence. (*Grigsby v. Jenkins*, 183 Kan. 594, 596, 331 P. 2d 284.)

In accordance with the stipulation of the parties, the theory upon which the instant case was tried and submitted to the jury was whether or not the defendant at any time prior to the 24th of January, 1961, communicated to the plaintiff his acceptance of the lease dated September 27, 1960, and forwarded to him by the plaintiff. The record fails to disclose any other question raised in the court below. In *Gilliland v. Kansas Soya Products Co.*, 189 Kan. 446, 451, 452, 370 P. 2d 78, this court stated:

"It has long been the rule of this court that where a party induces the trial court to try an action upon his own theory he is not in a position to complain on review that such theory was erroneous. (*Galamba v. Steinberger*, 153 Kan. 501, 112 P. 2d 78; *Herl v. Herl*, 154 Kan. 44, 114 P. 2d 817.) Where counsel for one party causes or invites a particular ruling, such party cannot later argue that such ruling was erroneous. (*Hammargren v. Montgomery Ward & Co.*, 172 Kan. 484, 499, 241 P. 2d 1192.) It is elementary that a litigant cannot take contrary positions, one in which he has sought and procured an order, ruling or judgment in the trial court and another in the supreme court in which he complains of such order, ruling or judgment; moreover, a litigant will not be heard on an appeal to complain of any order, ruling or judgment of the trial court which he suffered the trial court to make without objection. (*Brown v. Oil Co.*, 114 Kan. 482, 218 Pac. 998.) One who by his own act invites and leads the court into erroneous action cannot complain of it nor take advantage of the ruling. (*Mercer v. McPherson*, 70 Kan. 617, 79 Pac. 118; *Smith v. Veeder Supply Co.*, 137 Kan. 124, 19 P. 2d 699; *Brown v. Beckerdite*, 174 Kan. 153, 158, 254 P. 2d 308.) For other citations see West's Kansas Digest, Appeal and Error, § 882(1); 1 Hatcher's Kansas Digest [Rev. Ed.], Appeal and Error, § 440."

Parties are bound by stipulations fixing the issues, or eliminating particular issues, and will not be permitted to depart therefrom on appeal. Except as to jurisdictional questions appellate courts are without power to go beyond the stipulations of issues made by the parties, and undertake to pass on issues withdrawn or excluded from consideration. A stipulation that only one issue, or only particular issues, are involved authorizes entry of judgment for the one party or the other as the stipulated fact or issue is decided. (83

C. J. S., Stipulations, § 22a.) Where parties by stipulation prescribe the issues on which the case is to be tried, they are estopped from thereafter asserting that the case was tried or submitted on the wrong theory; and a stipulation of this nature, unlike a stipulation which merely eliminates a single issue, amounts to a binding waiver or elimination of all issues not included. (83 C. J. S., Stipulations, § 22b.)

Defendant's motion for judgment notwithstanding the verdict concedes for the purpose of such motion that the answer to the special question was supported by the evidence (*Wilson v. St. Francis Hospital & School of Nursing*, 190 Kan. 150, 156, 373 P. 2d 180) and there can be no question but what the answer to the special question supported the judgment.

In view of what has been said, the judgment of the trial court is affirmed.