No. 45,473

STATE OF KANSAS, *Appellee*, v. THOMAS M. KIDWELL, *Appellant*.

(460 P. 2d 614)

Opinion filed November 8, 1969.

*Scott E. Jarvis*, of Topeka, argued the cause and was on the brief for the appellant.

*Gene Olander*, County Attorney, argued the cause, and *Kent Frizzell*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

FONTRON, J.: This case now makes its second appearance before the court. On February 13, 1967, the defendant, Thomas M. Kidwell, was convicted by a jury of first degree murder in the death of his wife. The judge who presided at that trial set the conviction aside and granted a new trial because of trial errors. On appeal by the state, the order granting the defendant a new trial was affirmed by this court in *State v. Kidwell*, 199 Kan. 752, 434 P. 2d 316.

On December 15, 1967, the charge against Kidwell came on for trial a second time, and a jury was selected to try the case. On December 18, 1967, the state moved to amend the charge against Kidwell to first degree manslaughter. Evidence was introduced before the court in support of this motion, and the motion was sustained.

Thereupon the defendant, who throughout all the proceedings was represented by two experienced attorneys of proven competence, entered his plea of guilty to manslaughter in the first degree. This plea was accepted and sentence was deferred to January 2, 1968. On January 2, the defendant and counsel being present, the court sentenced Mr. Kidwell to the Kansas State Penitentiary for a term of five to twenty-one years, and referred him to the Kansas Reception and Diagnostic Center for evaluation. At this time, also,

the court continued the defendant's application for probation pending receipt of a report from the Diagnostic Center.

On April 24, 1968, on motion of the defendant, himself, the trial court vacated the sentence of January 2, 1968, and ordered Mr. Kidwell returned to Shawnee County for further proceedings. On June 3, 1968, the defendant's application for probation was heard by the judges of the Shawnee County District Court sitting *en banc* and on June 14, 1968, probation was denied. The court declined at this time to set Mr. Kidwell's plea of guilty aside, and again proceeded to sentence him to a term of five to twenty-one years imprisonment in the state penitentiary, with the effective date of sentence being October 3, 1967. The present appeal followed.

The defendant first contends the trial court erred in imposing sentence against him on June 14, 1968, after having vacated the sentence which was pronounced the preceding January. This claim appears to be based on our decision in *Veronee v. State,* 193 Kan. 681, 396 P. 2d 360, wherein we held that while a sentencing court is empowered by K. S. A. 62-2239 to modify a sentence by reducing it, the court may not modify the same by increasing the penalty. However, the principle enunciated in *Veronee* has no application whatever to the facts of the present case.

No increase in the prior sentence was effected by the sentence pronounced on June 14. The term imposed on June 14—not less than five nor more than twenty-one years—was exactly the same as the sentence imposed on January 2. In addition, the trial court gave full credit on the June 14 sentence for all the time which had transpired since the sentence previously pronounced on January 2, as well as ninety days for time spent while awaiting trial. These credits are reflected in the provision that the effective date of sentence be October 3, 1967.

Obviously the trial court did not lose jurisdiction to impose sentence by reason of its prior order of vacation. The vacation order was made on the defendant's own motion and for his benefit. It is settled and salutary law that a litigant may not avail himself of error which he himself has invited. (*Smith v. Veeder Supply Co.,* 137 Kan. 124, 19 P. 2d 699; *Murfin Drilling Co. v. Poe,* 191 Kan. 637, 383 P. 2d 972; *State v. Reddick,* 7 Kan. 143; *State v. Baldwin,* 36 Kan. 1, 12 Pac. 318; *State v. Lintner,* 183 Kan. 433, 435, 327 P. 2d 848; *State v. Ingram,* 199 Kan. 16, 427 P. 2d 500.)

It is next contended that the trial court erred in accepting Mr.

Kidwell's plea of guilty to first degree manslaughter. There is no justification for this claim. The record discloses the court went into great detail in ascertaining the defendant's understanding of his legal rights and his awareness of the effects of a guilty plea. Moreover, the defendant was at all times represented by capable and conscientious counsel who, according to the defendant himself, had fully consulted with him and with whose legal services he was satisfied. More than once the defendant declared in court that he felt he was guilty of first degree manslaughter.

Neither can we fault the trial court in rejecting the defendant's request to withdraw his plea of guilty after his application for probation was denied by the court *en banc.* Permission to withdraw a guilty plea rests within the trial court's sound discretion. (*State v. Downs,* 185 Kan. 168, 341 P. 2d 957, and cases cited therein.) We discern nothing in the circumstances shown to exist in this case which would indicate an abuse of discretion.

We are aware of the defendant's charges that the state withheld evidence favorable to him. Because of such action, the defendant reasons, his plea was improperly obtained, and should be declared invalid. We consider this contention without substance.

The evidence to which Mr. Kidwell refers consists of a letter addressed by him shortly before the homicide to his wife's former husband, whom Kidwell suspected was having an affair with his wife. The letter was found in the victim's purse. Without reciting its contents, we do not view the letter as having the effect urged by the defendant. It was not addressed by the defendant to his wife and its tone, in our judgment, is just as consistent with the state's theory of first degree manslaughter as with the defendant's present protestations of innocence.

Neither of the two federal decisions cited by the defendant is factually in point. In both *Brady v. Maryland,* 373 U. S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194 and *Giles v. Maryland,* 386 U. S. 66, 17 L. Ed. 2d 737, 87 S. Ct. 793, the evidence was withheld during the trials of the respective defendants, and the nature of the evidence withheld in each case was entirely dissimilar to the contents of the letter which the defendant contends was exculpatory in nature.

Finally we note the defendant's argument that the facts surrounding the homicide do not amount in law to manslaughter. To

support his thesis the defendant points out that Judge Marion Beatty, who presided at the first trial, declined to instruct the jury on the offenses of manslaughter.

We know not the basis for Judge Beatty's ruling, but in any event his view of the evidence produced at the first trial would in nowise be controlling on Judge Carpenter, who presided at the later proceedings. The fact remains that the defendant, after consultation with capable counsel, entered a voluntary plea of guilty to first degree manslaughter, and a competent judge, after hearing evidence on the matter, accepted that plea. The defendant's argument lacks substance.

We find no error in this case to warrant reversal. The judgment of the court below is affirmed.