IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 116,172

STATE OF KANSAS,
*Appellee*,

v.

PHILLIP PARKS,
*Appellant*.

SYLLABUS BY THE COURT

1.

Under the facts of this case, the invited error doctrine applies where the appellant repeatedly invited the district court to construe a pro se motion as a motion to withdraw plea.

2.

An untimely motion to withdraw plea is procedurally barred where the appellant does not meet his or her burden to show excusable neglect under K.S.A. 2017 Supp. 22-3210(e)(2).

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed June 1, 2018. Affirmed.

*Shannon S. Crane*, of Hutchinson, was on the brief for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The decision of the court was delivered by

1

NUSS, C.J.: Phillip Parks appeals the district court's denial of his pro se motion to set aside a "void judgment." At the urging of Parks' later-appointed counsel, the court treated the motion as one under K.S.A. 2017 Supp. 22-3210 to withdraw Parks' no contest plea accepted by the court 19 years earlier. Because Parks failed to allege the required excusable neglect under that statute's provision allowing late motions for plea withdrawal, the court held it was untimely and denied it.

Parks now argues the court should have construed his motion as one under K.S.A. 60-1507 and allowed the untimely filing to prevent manifest injustice under subsection (f)(2) of that statute. We agree with the State, however, that Parks' counsel's earlier urgings qualify as invited error. So we affirm the denial of Parks' motion.

## FACTS AND PROCEDURAL BACKGROUND

In 1997, Parks pled no contest to the June 1978 premeditated first-degree murder of his wife, Rachel Parks. During the intervening 19 years, Parks was convicted of the attempted murder of his new wife in New Mexico. The Kansas proceedings were initiated after New Mexico trial testimony revealed Parks told his new wife that he had to kill her just like he killed Rachel. *State v. Parks*, 265 Kan. 644, 645, 962 P.2d 486 (1998).

At the time of Rachel's killing, the sentence for premediated first-degree murder in Kansas was life imprisonment. K.S.A. 21-3401 (Weeks 1974); K.S.A. 21-4501 (Weeks 1974). In exchange for Parks' plea, the State recommended the life sentence run concurrent with his New Mexico sentence. The State also agreed to recommend jail time credit back-dated to when the Kansas charges were filed.

At the 1997 plea hearing, Parks was not informed by the State or the district court that the maximum possible sentence was life imprisonment. The State "agreed to recommend . . . that the sentence here run concurrent with the sentence the defendant is presently serving in the State of New Mexico, given credit back to the date the charges were filed in this pending case." When the court asked whether Parks knew the sentence he could be given, Parks responded "[y]es, sir." But his potential sentence was not discussed further.

At the later sentencing, the district court rejected the plea agreement's recommendation and ran the Kansas life sentence consecutive to New Mexico's sentence. At the conclusion of the hearing, defense counsel requested that Parks still receive credit for time served. But the State indicated that credit was not permitted with a consecutive sentence. The court agreed with the State and declined to give such credit. Parks directly appealed to this court, arguing certain victim impact statements were improperly admitted at sentencing. In July 1998, this court affirmed Parks' life sentence. *Parks*, 265 Kan. at 649-50.

More than 16 years later, Parks filed a pro se motion entitled "Motion to Set Aside a Void Judgment." In it, he alleged his no contest plea to premeditated first-degree murder was not knowing and intelligent because: (1) the district court did not inform him at the plea hearing that the maximum penalty was life imprisonment; (2) his plea agreement was illegal on its face because the court lacked authority to enter the jail time credit; and (3) plea counsel was ineffective for allowing him to enter a plea based on an invalid agreement.

Parks specifically alleged the 1997 district court "did not follow the requirements of K.S.A. 22-3210 by allowing the prosecution to induce a guilty plea by misrepresentations of the law." This in turn made "Defendant's guilty plea to not be

3

knowingly and intelligently and voluntarily [made], causing the plea to be void." He attached to his motion a Kansas Court of Appeals unpublished decision, *Hogan v. State*, No. 59,574, unpublished opinion filed July 16, 1987 (Kan. App.). There the defendant sought to withdraw his plea under K.S.A. 22-3210 because it was not knowingly and voluntarily made due to misinformation provided about the maximum sentence.

The district court appointed Parks counsel and held a nonevidentiary hearing. Parks' counsel represented to the court that the motion should be treated as one to withdraw Parks' plea:

> "*I think this is a motion to withdraw plea*. It's titled motion to set aside void judgment. I think *you can construe it* [*as*] *a motion to withdraw*. He's made a motion and I think [it] deserves further explanation. We're talking about whether he knew what life imprisonment meant. We don't know." (Emphases added.)

The State argued that the motion should be denied, relying on the statute of limitations contained in its brief as "[t]he problem on a motion to withdraw plea." Parks' counsel replied, "As far as statute of limitations I would adopt the argument *of course it's a motion to withdraw plea*." (Emphasis added.)

The district court agreed to construe the motion as one to withdraw plea under K.S.A. 2017 Supp. 22-3210. Under that statute's subsection (e), the defendant must make an affirmative showing of excusable neglect if the motion is brought more than one year after the appellate court's final order. As a result, the court held it was required to find excusable neglect for the delayed filing of Parks' motion. But neither the pro se motion itself nor counsel alleged excusable neglect for the 16-year delay between this court's decision affirming his sentence and Parks' motion. Because Parks did not assert there was something newly discovered, e.g., excusable neglect, it denied the motion.

4

Parks appealed, and this court has jurisdiction under K.S.A. 2017 Supp. 22-3601 (life sentence).

ANALYSIS

ISSUE: *The district court did not err in denying the motion*.

Parks argues for the first time on appeal that the district court should not have construed his pro se motion as a motion to withdraw his plea under K.S.A. 2017 Supp. 22-3210 but rather as one under K.S.A. 60-1507 attacking his conviction. Based on that premise, Parks argues his motion was not time barred because under the latter statute's subsection (f)(2), manifest injustice justifies extending the time limitations. And he wanted an evidentiary hearing so he could show how he met that standard.

The State responds that Parks invited any error by his counsel's arguing to the court that the motion should be construed as a motion to withdraw his plea under K.S.A. 22-3210. Alternatively, the State argues Parks' motion is time barred either way: whether it is construed as a motion to withdraw his plea or a motion under K.S.A. 60-1507.

*Standard of review*

Pro se pleadings are liberally construed to give effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments. Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review. *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). Similarly,

5

whether the invited error doctrine applies is a question of law subject to unlimited review. *State v. Sasser*, 305 Kan. 1231, 1235, 391 P.3d 698 (2017).

*Discussion*

Generally, a defendant cannot complain on appeal about a claimed error that he or she invited. It has long been the general rule that:

> "'Where counsel for one party causes or invites a particular ruling, such party cannot later argue that such ruling was erroneous. [Citation omitted.] It is elementary that a litigant cannot take contrary positions, one in which he has sought and procured an order, ruling or judgment in the trial court and another in the supreme court in which he complains of such order, ruling or judgment. . . . One who by his own act invites and leads the court into erroneous action cannot complain of it nor take advantage of the ruling.' *Gilliland v. Kansas Soya Products Co.*, 189 Kan. 446, 451-52, 370 P.2d 78 (1962)." *Sasser*, 305 Kan. at 1235.

See also *Mercer v. McPherson*, 70 Kan. 617, 79 P. 118 (1905) ("Having invited the action of the court, the plaintiff is not now in a position to complain of it.").

While "[t]here is no bright-line rule for its application" (*Sasser*, 305 Kan. at 1235), there is no reason for the invited error doctrine not to apply here. As this court said long ago regarding pleadings: "The common-law system of pleading recognized and enforced a rule which, in effect, was the same as that which we have here regarded as the rule interdicting parties from availing themselves of rulings produced by their own act." *Liverpool & L. & G. Ins. Co. v. Heckman*, 64 Kan. 388, 392, 67 P. 879 (1902).

Here, Parks' counsel twice invited the district court to treat the pleading as a motion to withdraw plea. Based on these repeated invitations, we readily apply the invited error doctrine. *Sasser*, 305 Kan. at 1235-36 ("the doctrine most certainly applies"

when "a defendant actively pursues what is later argued to be an error") (citing *State v. Angelo*, 287 Kan. 262, 279-80, 197 P.3d 337 [2008]). In *Angelo,* defendant twice told the district court he did not want a second-degree murder instruction even though the court determined the facts justified it. When defendant later argued the court erred in not giving the instruction, we applied the doctrine and held "he is barred from claiming the court erred in acceding to his request." 287 Kan. at 280. So we reject Parks' argument that the district court should have construed and treated his motion as a K.S.A. 60-1507 motion. Cf. *State v. Ditges*, 306 Kan. 454, 457-58, 394 P.3d 859 (2017) (rejecting defendant's request for court to liberally construe pro se motion—in which he "insisted that he was only challenging his sentence, not his conviction"—as a motion under 60-1507: "Given that assertion, the district court was relieved of any duty to convert the pleading into something the movant did not want.").

And we agree with the district court that the motion was untimely. In 2009, the Legislature amended the statute governing plea withdrawals to require that a motion be brought within one year of the final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction. K.S.A. 2017 Supp. 22-3210(e)(1). And this court has held the time began to run for preexisting claims like Parks' on the date that statute became effective, April 16, 2009. This means Parks had until April 16, 2010, to comply. See *State v. Moses*, 296 Kan. 1126, 1128, 297 P.3d 1174 (2013). Parks' motion was not filed until January 2015. So it was outside that timeframe.

As mentioned, under K.S.A. 2017 Supp. 22-3210(e)(2) that time limit "may be extended . . . upon an additional, affirmative showing of excusable neglect by the

defendant." But Parks did not attempt to make that showing to the district court. And he does not even allege in his appellate brief that such a showing was made.

This court has held the motion to withdraw a plea is untimely and procedurally barred when the defendant failed to allege excusable neglect. See *State v. Smith*, 303 Kan. 673, 681, 366 P.3d 226 (2016) (waived or abandoned challenge because presented no argument for why motion is not time-barred); *State v. Williams*, 303 Kan. 605, 608, 366 P.3d 1001 (2016) (appeal is without merit when motion was silent as to excusable neglect and successive); *Moses*, 296 Kan. at 1128. So under that caselaw, Parks failed to meet his burden of demonstrating excusable neglect to allow the out-of-time motion to withdraw his plea.

The district court is affirmed.